[Civ. No. 16923. First Dist., Div. Two. Dec. 19, 1956.]

CECIL O'DONNELL, Plaintiff and Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent; PACIFIC EMPLOYERS INSURANCE COMPANY, Intervener and Appellant.

*Assigned by Chairman of Judicial Council.

O'Gara & O'Gara and James A. O'Gara for Plaintiff and Appellant.

Mullen & Filippi and Duncan P. Davidson for Intervener and Appellant.

Dion R. Holm, City Attorney, and Richard Saveri, Deputy City Attorney, for Respondent.

THE COURT.—These are two appeals, one by O'Donnell, plaintiff in a negligence action for injury suffered when he was hit by a bus of defendant, from the judgment of dismissal of his action, because of failure to bring it to trial within five years after he filed it, and one by Pacific Employers Insurance Company, workman's compensation carrier of O'Donnell's employer and intervener in O'Donnell's action, claiming costs of treatment and temporary compensation benefits paid and to be paid to O'Donnell, from the judgment of dismissal

of its action in intervention because of failure to bring it to trial within two years after said action was filed. The facts are undisputed.

O'Donnell's complaint was filed February 20, 1950, and the answer March 21, 1950. On March 24, 1950, plaintiff filed memorandum to set cause for trial demanding jury trial, but the case was dropped off calendar because a police witness was not available. The complaint in intervention was filed June 4, 1952, and answer to it filed by the City and County July 2, 1952. Only on April 30, 1954, did the attorney of intervener, after consultation and in accord with the attorney of plaintiff, file a memorandum to set cause for nonjury trial. Calendar to set such cases was announced for May 11, 1954, but appellants were not represented at that time and the case went off calendar. A new memorandum to set was filed by intervener on August 2, 1954. Defendant on August 5, 1954, demanded jury trial. On March 8, 1955, the case was called for setting and the trial set for April 7, 1955, but on March 9, 1955 defendant moved to dismiss both the complaint and the complaint in intervention, an affidavit stating as prejudice to defendant by the delay, that since the accident on November 21, 1949, on which both actions were based, one of three defense witnesses had died, one could not be located anymore and that the motorman involved in the accident had resigned. The motion was heard on April 1, 1955, and granted by minute order of the same date. Judgment of dismissal was entered April 6, 1955. The notice of appeal of plaintiff was filed on May 24, 1955, that of intervener on June 7, 1955.

1. APPEAL OF PLAINTIFF.

It is not disputed that the dismissal under the five-year statute of Code of Civil Procedure, section 583, is mandatory where applicable. Appellant, however, relies on the settled rule of our cases, that the time during which going to trial was impossible or impracticable and futile is to be disregarded, (*Pacific Greyhound Lines* v. *Superior Court,* 28 Cal.2d 61, 105 [168 P.2d 665]; *Continental Pac. Lines* v. *Superior Court,* 142 Cal.App.2d 744, 749 [299 P.2d 417]) and urges that such impossibility existed from the time that defendant demanded jury trial on August 5, 1954 until the date set for trial, April 7, 1955. The contention is without merit. The rule on which plaintiff relies does not contemplate that time consumed by the delay caused by ordinary incidents

of proceedings like disposition of demurrer, amendment of pleadings and the normal time of waiting for a place on the court's calendar or securing a jury trial is to be excluded from a computation of the five-year period. (*Continental Pac. Lines* v. *Superior Court, supra,* 142 Cal.App.2d 744, 750 [299 P.2d 417].) ■ Moreover, on August 5, 1954, when defendant demanded jury trial, to which his right cannot be disputed, there were still more than seven months available of the five-year period within which the case should have been brought to trial. There is no showing or contention that the attorney of appellant or the attorney of intervener, who acted for him, took any steps, by motion to advance or otherwise, to have the case specially set within the available period, or that it was impossible to reach said result. Hence appellant did not bring himself within the impossibility exception on which he relies. (*Sanford* v. *Superior Court,* 111 Cal.App.2d 311 [244 P.2d 463].) ■ Appellant's plea that the connection of this case with workman's compensation law, (possibility of a claim for further disability arising from the same accident) justified delaying of the trial is immaterial because such would not permit the exceeding of the statutory time limit in the civil action, and because at any rate appellant was ready to go to trial on April 30, 1954, nearly a year within said limit, the failure to obtain a trial date within said period being due to the lack of diligence of the attorneys involved. The judgment of dismissal as to plaintiff must be affirmed.

2. THE APPEAL OF INTERVENER.

Respondent correctly asserts that this appeal, filed on June 7, 1955, was too late, even if the 60-day period of rule 2(a) of the Rules on Appeal should be calculated from the judgment of dismissal entered on April 6, 1955, and not from the minute order granting the motion to dismiss entered on April 1, 1955. Rule 2(a) requires that the notice of appeal be filed within 60 days from the date of entry of judgment. Rule 45(a) provides that such time shall be computed in the manner provided by the Code of Civil Procedure and section 12 of said code provides that in such computation the first day is excluded and the last included, unless the last day is a holiday, and then it is also excluded. ■ Accordingly, in computing the time for the filing of an appeal the day on which the judgment is entered must be excluded. (*Hoover* v. *Sweitzer,* 34 Cal. App.2d 441 [93 P.2d 831].) Starting to count on April 7, June 5th would be the sixtieth day, but as June 5, 1955, was a Sunday, this day is excluded and Monday, June 6, 1955,

would be the last day on which the appeal could validly be filed, said Monday not being a holiday. The appeal of intervener filed one day later must be dismissed, irrespective of whether the minute order or the judgment of dismissal was the appealable final decision.

The judgment is affirmed, the appeal of intervener is dismissed.

The petition of plaintiff and appellant for a hearing by the Supreme Court was denied February 13, 1957.