[Civ. No. 19741. First Dist., Div. One. Dec. 28, 1961.]

JOSEPH ZIGANTO, Plaintiff and Respondent, v. WARREN J. TAYLOR et al., Defendants and Appellants.

Crist, Peters, Donegan & Brenner for Defendants and Appellants.

Regalado & Lindquist for Plaintiff and Respondent.

SULLIVAN, J.—In this action to foreclose a mechanic's lien, we have concluded that plaintiff and respondent's complaint was filed one day too late and that the judgment in favor of plaintiff and respondent should be reversed and the cause remanded for a new trial upon the remaining issues reserved by the parties according to their stipulation.

Appellant is the owner of a lot in Palo Alto upon which he arranged for the construction of an apartment house by a general contractor. During the course of construction respondent, a subcontractor and materialman, at the request of the contractor furnished certain cabinets and other materials of a claimed value of $5,075.21 which were used in the building. On January 26, 1959, respondent filed for record his claim of lien in the above amount.

Because of difficulties with the general contractor, appellant undertook to complete the construction himself. He found it necessary to secure additional financing. Accordingly, on April 21, 1959, appellant and respondent executed and entered into a written agreement pursuant to the provisions of section 1198.1 of the Code of Civil Procedure providing for the giving of credit and the extension of respondent's time to foreclose his lien. The agreement contained the following

language: "Now, THEREFORE, it is agreed by and between WARREN J. TAYLOR, owner of the hereinbefore described real property, whose name is signed hereto, and JOSEPH ZIGANTO, doing business as CALIFORNIA CABINETS, that a credit of thirty (30) days from and after the date of execution of this instrument is hereby given and that said Claim of Lien is hereby continued in force for ninety (90) days after the expiration of said credit as provided for in Section 1198.1(a) of the Code of Civil Procedure of the State of California, and the said owner waives any and all right to object to the maintenance of any action brought to foreclose said Claim of Lien which may hereafter be brought within the period hereinabove mentioned and waives any right to object to the maintenance of such suit to foreclose on the grounds that it is barred by any Statute of Limitation whatsoever."

The foregoing extension of mechanic's lien was filed for record on April 23, 1959.

Respondent filed his complaint to foreclose the lien on August 20, 1959, 121 days after the execution of the above agreement. The complaint in addition to the usual allegations found in actions to foreclose mechanic's liens, contained an allegation to the effect that appellant promised and agreed to pay the claimed reasonable value of the materials. Defendant and appellant's amended answer denied on information and belief the furnishing of the materials, the claimed reasonable value thereof, the personal liability of appellant for the same, and set forth as a separate defense that the complaint had not been timely filed.

Trial was had before the court sitting without a jury, and without the taking of any testimony. The parties stipulated that the materials in question had been actually furnished to appellant's apartment house and were of the value claimed. They also stipulated that the single issue as to the timely filing of the complaint would be submitted on written memoranda, that in the event such issue was resolved favorably to respondent judgment would be entered. Accordingly, without trial of the remaining issues,[1] but in the event such issue was resolved favorably to appellant, the trial of the remaining issues would be had. The trial court determined the above

[1]According to the pretrial conference order the second issue was the personal liability of defendant to plaintiff for a money judgment based on defendant's promise and agreement to pay the same. The briefs of the parties also refer to such liability based on unjust enrichment.

single issue in favor of plaintiff and respondent and made its finding of fact, conclusions, and judgment accordingly.[2]

The single question presented for our decision is whether respondent commenced the action to foreclose his lien within the time provided for in the foregoing extension agreement and in subdivision (a) of section 1198.1 of the Code of Civil Procedure.

The agreement finds its genesis in, and must be construed in the light of, the above code section, the pertinent parts of which provide: "No lien provided for in this chapter binds any property for a longer period than 90 days after the same has been filed except as hereinafter provided, unless within that time, proceedings to enforce the same be commenced in a proper court. If a credit be given and notice of the fact and terms of such credit be filed in the office of the county recorder subsequent to the filing of such lien and prior to the expiration of said 90-day period, then such lien continues in force *until 90 days after the expiration of such credit. . . .*" (Code Civ. Proc., § 1198.1 subd. (a) ; emphasis added.)

Since no extrinsic evidence was introduced in the court below the question of interpretation of the agreement is one of law. We are not bound by the trial court's interpretation of it and we therefore proceed, as it is our duty, to make our own determination of its meaning from an examination of its terms. (*Estate of Platt,* 21 Cal.2d 343, 352 [131 P.2d 825] ; *Alkus* v. *Johnson-Pacific Co.,* 80 Cal.App.2d 1, 8 [181 P.2d 72].)

Two subsidiary questions are presented: (a) When did the 30-day credit period expire? (b) When did the subsequent 90-day lien period expire?

As to the first question, the agreement executed on April 21, 1959, provided, as already noted, "That a credit of thirty (30) days *from and after the date of execution* of this instrument is hereby given. . . ." (Emphasis added.)

Respondent contends, in support of the judgment, that the above italicized phrase excludes the day from which the reckoning is to be made, that its construction requires compu-

---

[2]The findings and conclusions include statements of the personal liability of appellant to respondent. The judgment provides for a money judgment in favor of respondent and against appellant and also for a deficiency judgment in the event of insufficient proceeds from foreclosure sale. (*Cf. Pierce Engineering Co.* v. *Chohon,* 196 Cal.App.2d 516 [16 Cal.Rptr. 601].) The parties stipulated before us on oral argument that such was not intended by them in the court below and that in the event of a reversal here, the issue of appellant's personal liability must still be tried.

tation according to the rule set forth in section 12 of the Code of Civil Procedure, and that "thus applied, April 22nd will be excluded and the 30th day to be included will be May 22, 1959." By such a position, respondent in reality excludes two days—April 21st (the date of execution of the agreement) and April 22d, the day following. We cannot agree.

It is a generally accepted rule that in the computation of a period of time "from and after" a day, date, act or event, such day or the date of such act or event is excluded and the computation of time is commenced on the following day. (47 Cal.Jur.2d § 24, p. 685; 86 C.J.S. § 13(3), p. 851.) In *People* v. *Nye,* 9 Cal.App. 148, 163 [98 P. 241], it was stated: "The general rule is, no doubt, that a term 'from and after Monday' begins on Tuesday, as the first day is excluded." In *Scoville* v. *Anderson,* 131 Cal. 590, 594 [63 P. 1013], the court, speaking of the rule of computation of time prior to its enactment by statute stated, "In measuring and computing time it has been the rule from a very early day in this state to exclude the day upon which the event happened. . . ." The foregoing general rule finds expression in the statutory rule for the computation of time declared in section 12 of the Code of Civil Procedure which provides: "The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded."

The law is clear that the phrase "excluding the first day" used in the above section 12 of the Code of Civil Procedure, means excluding the day of the execution of the instrument or the happening of the event and that the counting of the time period starts on the following day. (*O'Donnell* v. *City & County of San Francisco,* 147 Cal.App.2d 63, 66-67 [304 P.2d 852] ; *Shea* v. *City of San Bernardino,* 7 Cal.2d 688, 695 [62 P.2d 365] ; *Donian* v. *Danielian,* 90 Cal.App. 675, 678 [266 P. 817] ; *First Nat. Bank* v. *Ziegler,* 24 Cal.App. 503, 504 [141 P. 938] ; *Scoville* v. *Anderson, supra,* 131 Cal. 590, 594; 47 Cal.Jur.2d 672.) In *O'Donnell,* in computing the time for filing an appeal from a judgment of dismissal entered on April 6, 1955, the court said at page 66 : "Accordingly, in computing the time for the filing of an appeal the day on which the judgment is entered must be excluded. (*Hoover* v. *Sweitzer,* 34 Cal.App.2d 441 [93 P.2d 831].) *Starting to count on April 7,* June 5th would be the sixtieth day. . . ." (Emphasis added.) In *Ley* v. *Dominguez,* 212 Cal. 587, 594 [299 P. 713], in considering the point that a certain ordinance

should not go into effect " 'until' the expiration of thirty days from its publication" the court stated: "Properly interpreted, this would seem to mean thirty days *after* the publication, which necessarily excludes the day of publication.

"We can see no reason for applying to the above charter provisions a method of reckoning different from and an exception to the ordinary method of computation. The gravest consideration of public order and security require that the method of computing time be definite and certain. Before a given case will be deemed to come under an exception to the general rule the intention must be clearly expressed that a different method of computation was provided for. (*Scoville* v. *Anderson*, 131 Cal. 590 [63 P. 1013] ; *Bank of Lemoore* v. *Fulgham*, 151 Cal. 234 [90 P. 936] ; 24 Cal.Jur., p. 581, §§ 10 and 11.) "

*Reichardt* v. *Reichardt*, 186 Cal.App.2d 808 [9 Cal.Rptr. 225], upon which respondent relies as determinative of the question of the 30-day credit period, supports appellant's position rather than respondent's. There, an interlocutory decree of divorce directed the payment of alimony in monthly installments "for a period of three full years *from and after* the date of entry of this Interlocutory Judgment" which was entered on March 1, 1957. The court after citing *Scoville* v. *Anderson, supra,* and quoting from 47 California Jurisprudence 2d, section 11, page 672, *supra,* declared: "It thus becomes apparent that the 'three full years' of the decree now under scrutiny began on March 2, 1957, and expired on March 1, 1960, unless perchance there is something in the judgment to indicate the contrary." (P. 811.)

We feel that the foregoing authorities interpreting section 12 of the Code of Civil Procedure, afford a compelling answer to the first question posed above, irrespective of whether the execution of the extension agreement is an "act provided by law . . . to be done" within the meaning of said section, a point we feel unnecessary to decide. Indeed, respondent has not referred us to any authorities setting forth a contrary rule.

It is crystal clear that the phrase "from and after the date of execution" means that the day of the happening of the event (April 21st) is to be excluded and that, to paraphrase the language of *O'Donnell* v. *City & County of San Francisco, supra,* 147 Cal.App.2d 63, 66-67, the counting of the 30-day credit period is to start on April 22d. Following this computa-

tion such credit period commenced on April 22, 1959, and expired on May 21, 1959.

 We now take up the second subsidiary question concerning the 90-day lien period.

As to this second question, the extension agreement provides "that said claim of lien is hereby continued in force for ninety (90) days *after the expiration* of said credit as provided for in Section 1198.1 (a) of the Code of Civil Procedure." (Emphasis added.)

On this point, respondent again contends that the day *following* the expiration of the 30-day credit period must be excluded. His argument runs thus: the 30-day credit expired on May 22, 1959 (which we have shown above to be in error), the following day May 23d must be excluded, and the 90th day of the lien period is August 21, 1959. Again, we cannot agree.

The rules for the computation of time and all of the authorities which we have set forth in considering the problem presented by the 30-day credit period are applicable here. Indeed, we may say they are more directly applicable here since the commencement of foreclosure proceedings within the 90-day period provided for by section 1198.1 of the Code of Civil Procedure is an "act provided by law . . . to be done" within the meaning of section 12 of said code. (*Mox, Inc.* v. *Leventhal*, 89 Cal.App. 253 [261 P. 562]. See *Scoville* v. *Anderson*, *supra*, 131 Cal. at p. 593, to the effect that Code Civ. Proc., § 12, applies equally to acts permitted by law.) The first sentence of section 1198.1 provides that "No lien . . . binds any property for a longer period than 90 days *after* the same has been filed. . . ." (Emphasis added.) Cases construing this section (formerly numbered Code Civ. Proc., § 1190) have decided it is in effect a statute of limitations, have computed time under the rule set forth in section 12 of the Code of Civil Procedure, and, in making the computation, have excluded the date of filing the lien and started counting the limitations period on the following day. (See, for example, *Mox, Inc.* v. *Leventhal, supra*; *Pacific Sash & Door Co.* v. *Bumiller*, 162 Cal. 664, 667 [124 P. 230, 41 L.R.A. N.S. 296], cited herein by respondent.) The second sentence of section 1198.1, as well as the extension agreement before us, provides that in the event a credit is given, the lien is continued in force for "90 days *after* the expiration" of such credit. Thus the two events —the filing of the lien under the first sentence of the section and the expiration of the credit under the second sentence

and the agreement before us—are equated. The above cases governing the computation of time from the filing of the lien are decisive of the computation of time from the expiration of the credit.

Applying section 12 of the Code of Civil Procedure and the cases interpreting it and applying the authorities directly interpreting section 1198.1 of such code, it is also crystal clear that the event of the expiration of the 30-day credit occurred on May 21, 1959, that the day of such event is to be excluded and the counting of the 90-day lien period is to start on May 22, 1959, and that such 90-day period expired on August 19, 1959. The complaint to foreclose the lien filed on August 20, 1959, was filed too late.

Respondent also contends that the concluding clause of the agreement dealing with the owner's waiver of all right to object to the maintenance of any foreclosure action shows "the intent of appellant as having forever waived *any* Statute of Limitation *whatsoever,* and this court could so find." (Emphasis respondent's.) We do not agree. We cannot and do not so find. It is clear that what the parties intended was that appellant waived the right to raise the statute of limitations *during* the 30-day and 90-day periods mentioned in the agreement.

The judgment is reversed and the cause is remanded for trial of the remaining issue or issues reserved by the parties.

Bray, P. J., and Tobriner, J., concurred.