[Civ. No. 21120. First Dist., Div. One. Dec. 19, 1963.]

MALCOLM E. HARRIS, as Director of the Department of Alcoholic Beverage Control, Plaintiff and Respondent, v. ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Defendant and Appellant.

Charles P. Just for Defendant and Appellant.

Stanley Mosk, Attorney General, and Wiley W. Manuel, Deputy Attorney General, for Plaintiff and Respondent.

BRAY, P. J.—The Alcoholic Beverage Control Appeals Board (hereinafter called the board) appeals from a superior court judgment ordering that a peremptory writ of mandate issue compelling the board to vacate an order denying the motion of the Department of Alcoholic Beverage Control (hereinafter called the department) to dismiss the appeal of Willie and Beatrice Ward (hereinafter called the Wards) from a decision of the department denying the Wards' application for an on-sale beer license.

## QUESTION PRESENTED.

How is time computed on appeal from the decision of the department?

## RECORD.

June 17, 1959, the Wards filed with the department an application for an on-sale beer license. August 27, the application was denied. On petition by the Wards a hearing was held before a department hearing officer. December 1, 1959, the hearing officer's proposed decision recommending denial of the application was filed. This proposed decision was adopted by the department, and on December 17 mailed from Sacramento to the Wards at Port Chicago. January 27, 1960, the Wards filed an appeal with the board. January 29, the department filed a motion to dismiss the appeal on the ground that it was not timely filed. April 8, the board denied the motion. Thereafter the department filed in the San Francisco Superior Court a petition for writ of mandate to compel the board to dismiss the appeal. After hearing the court ordered a peremptory writ to issue compelling the board to vacate its denial order. The board appeals.[1]

## COMPUTATION OF TIME.

Section 23081, Business and Professions Code, reads in pertinent part: "On or before the tenth day after the last day on which reconsideration of a final decision of the department can be ordered, any party aggrieved by a final decision of the department may file an appeal with the board

---

[1]The Wards filed notice of appeal from the judgment, but did not perfect their appeal.

from such decision. ... The right to appeal shall not be affected by failure to seek reconsideration before the department.''

Section 11521, Government Code, provides in pertinent part:[2] (a) The agency itself may order a reconsideration of all or part of the case on its own motion or on petition of any party. The power to order a reconsideration shall expire 30 days after the delivery or mailing of a decision to respondent, or on the date set by the agency itself as the effective date of the decision if such date occurs prior to the expiration of the 30-day period or at the termination of a stay of not to exceed 30 days which the agency may grant for the purpose of filing an application for reconsideration ... If no action is taken on a petition within the time allowed for ordering reconsideration the petition shall be deemed denied.''

Section 6707, Government Code, dealing with holidays, reads in pertinent part: ''When the last day for filing any instrument or other document with a state agency falls upon a Saturday or holiday, such act may be performed upon the next business day with the same effect as if it had been performed upon the day appointed.''

The board contends that reading these three sections together, because the 30th day provided by section 11521, Government Code, for reconsideration, fell on Saturday, January 16, the Wards had until Monday, January 18, to apply for reconsideration and hence the 10-day period provided in section 23081, Business and Professions Code, for appeal did not expire until January 28; hence his appeal was on time as he filed it January 27. The department contends that section 6707, Government Code, does not apply; hence the time for reconsideration ended on Saturday, January 16, and the filing of the appeal on the 27th was one day late. Thus, the primary question is, does section 6707, Government Code, apply?

Reading section 11521, Government Code, which provides that the department's power to order a reconsideration shall expire 30 days after the mailing of the department's decision, with section 23081, Business and Professions Code, which provides that the appeal must be *on or before* the 10th day after the last day on which reconsideration can be ordered, absent section 6707, Government Code, it is clear that as

---

[2]Section 11501, Government Code, expressly makes the department an ''agency'' to which section 11521 applies.

the last day upon which the department could order reconsideration fell on Saturday the 16th, an appeal filed on the 27th would be one day too late, as it would be filed on the eleventh day, and not "On or before the tenth day." The department contends that assuming that section 6707 is applicable and would permit a filing of the petition for reconsideration on Monday, the filing would be of no effect because the power of the department to order reconsideration expired on the 30th day, namely, Saturday, and there would result a useless act. The situation is similar to that in motions for new trial, where it has been held that the limitation by section 660, Code of Civil Procedure, of the court's power to pass upon a motion for new trial to 60 days after service upon the moving party of a written notice of the entry of judgment is not extended by section 1013, Code of Civil Procedure, allowing an additional day after service by mail. In *Sherman* v. *Panno* (1954) 129 Cal.App.2d 375, 378 [277 P.2d 80], the court said that section 1013 is inapplicable as the trial court which considers the motion for a new trial is not an "adverse party." "Since the Legislature has fixed the period within which a new trial may be granted at 60 days, it is not for this court to overrule the limitation." The court, in effect, held that where the power of the court is limited to a certain period which commences with the mailing of a notice or decision the court's time to act is not extended by a section which extends a party's time to act. So in our case, the express limitation in section 11521 that the power of the department to order reconsideration is limited to 30 days after the mailing of the decision cannot be extended by section 6707, which only refers to the time for a party to act, not to the time for the department to act. ■ Both section 1013, Code of Civil Procedure, and section 6707, Government Code, relate to time for actions of the parties, not to time for actions of the courts or administrative bodies. *Pesce* v. *Department of Alcoholic Beverage Control* (1958) 51 Cal.2d 310 [333 P.2d 15], deals with extension of time for a party's acts. There the question considered was whether section 1013, Code of Civil Procedure, applies to extend the period then prescribed by section 23081, Business and Professions Code, for the taking of an appeal from a decision of the department. Section 23081 then provided that the appeal must be taken "[w]ithin 40 days after the decision of the department is delivered or mailed to the parties ..." Section 1013, Code of Civil Procedure, provided that in case of service by mail

"[t]he service is complete at the time of the deposit [in the post office], but if within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended one day, together with one day additional for every full 100 miles distance between the place of deposit and the place of address. ..." The court held that section 1013 did apply and that the time for taking appeal provided for in section 23081 was extended as set forth in section 1013. There, the court was dealing with a question of the time when the party might file an appeal to the board. That called for the act of the party, the time for which act could be extended by section 1013. There was no limitation on the jurisdiction of the board to be in conflict with the party's time to appeal as extended. Section 11521 does not provide the time within which a respondent must exercise a right or do an act. It expressly sets forth the time in which the department may exercise a power. Section 23081 was amended in 1959 after the *Pesce* decision to provide that the appeal must be taken "On or before the tenth day after the last day on which reconsideration of a final decision of the department can be ordered ..." instead of as the section read at the time of *Pesce* "Within 40 days after the decision ... is ... mailed. ..." Section 11521, Government Code, provides in effect that the last day on which reconsideration can be ordered expires 30 days after the mailing of the decision.[3] Section 6707 refers only to filing "any instrument" by a party, not to any action of the department.

*Silva* v. *Department of Alcoholic Beverage Control* (1958) 51 Cal.2d 885 [333 P.2d 18], in which the court followed the decision in *Pesce, supra,* and held that the 40 days then given by section 23081, Business and Professions Code, for an appeal from a decision of the department was extended by the application of section 1013, Code of Civil Procedure, is distinguishable from our case for the same reasons herein given that *Pesce* is distinguishable from the case at bench.

Although the thirtieth day for reconsideration in the case at bench fell upon a Saturday, there was no reason why the department could not have acted on reconsideration on that day. (See *Cuffield* v. *Board of Dental Examiners* (1936) 12 Cal.App.2d 446 [55 P.2d 522]; *In re Heckman* (1928) 90

---

[3]Section 11521 provides for a different date under circumstances not pertinent here. For that reason, we refer only to that portion of the section above mentioned.

Cal.App. 700 [266 P. 585].) Hence, the department had a full 30 days in which it could have acted. Again, the situation is analogous to that in motions for new trial by a court. Prior to 1933, when section 660, Code of Civil Procedure, was amended to extend the time for a court to act upon a motion for new trial, if the last day fell upon a holiday or Saturday, it was held that the court's power to pass upon such a motion was lost if not exercised within the specified statutory period, even though the last day fell upon a holiday. In *Alford* v. *Industrial Acc. Com.* (1946) 28 Cal.2d 198 [169 P.2d 641], the court, in effect, pointed out the distinction between extending the time of limitation of the acts of the parties and of a court's power to act. The court said (p. 200) : " . . . it was held in *Bidwell* v. *Sonoma County Transportation Co.* (1918) 39 Cal.App.330 [178 P. 122], that even though the last day fell on a Sunday or a holiday, the time for performance was not extended since the code section specifically provided that if the trial court did not act within the stated period, the motion for a new trial was *ipso facto* denied. But considerations affecting the construction of a statutory limitation upon the power of the trial court to pass on a matter such as a motion for a new trial have no bearing upon the general rule governing the procedure to be followed by the parties to an action. (*People* v. *Malone* (1931) 213 Cal. 406, 409 [2 P.2d 332].) "

It is contended that section 6707 in its application to the two other sections could be subject to two constructions, one, that it applies, and the other, that it does not apply, and that therefore applicable here is the rule set forth in *Koehn* v. *State Board of Equalization* (1958) 166 Cal.App.2d 109, 114-115 [333 P.2d 125], taken from *Goldsmith* v. *Board of Education* (1924) 66 Cal.App. 157, 163 [225 P. 783] : "It is a cardinal rule of statutory construction that where the language of a statute is, upon its face, reasonably susceptible of either of two constructions, one which, in its application, will render it reasonable, fair, and just, and harmonious with its manifest purpose, and another which, in its application, would be productive of absurd consequences, the former construction will be adopted."

 Unfortunately, however, any interpretation of section 6707, which deals only with the acts of a party, cannot operate to amend section 11521, which deals with the jurisdiction and acts of the administrative department. In view of the express mandate of the latter section we have no alter-

native but to hold that the Wards' notice of appeal to the board was filed too late.

■ For the reasons hereinbefore set forth as to the non-applicability of section 6707, section 1013, Code of Civil Procedure, is likewise not applicable. As we have hereinbefore stated, section 1013 deals solely with the extension of a party's time to act, and does not purport to extend the jurisdiction of the agency whose power to act is fixed within definite limits not dependent upon the acts of the parties.

Neither section 23081, Business and Professions Code, nor section 11521, Government Code, provide a time for the filing of a petition for reconsideration. They deal only with the power of the department to act. That power begins from an act of the department, namely, mailing its decision, and is in no way dependent upon any act of a party. The power ends on the 30th day from the mailing (not from receipt of the decision by the party) and is likewise not dependent upon the act of a party. Hence, section 1013 could not apply. Moreover, the time for appeal runs from the termination of the 30-day period given the department to act and not from the time of any notice to a respondent, thereby differing from the situation envisioned in section 1013, and occurring in *Pesce, supra*.

As hereinbefore stated, it was held in *Pesce, supra*, that section 1013 extended the time for appeal then provided by section 23081. By the amendment of 1959, changing the time for appeal from 40 days after decision mailed to on or before the tenth day after the last day upon which reconsideration may be ordered, the amendment worked a change in the time computation and thereby made section 1013 inapplicable. Under the former section, the time for appeal was computed from the date the decision of the department was mailed, while under the amended section the time is computed from the time the department loses jurisdiction.

■ Although it is claimed that it has been the consistent practice of the board, both before and after the amendment, to apply section 1013, and "the construction of the statute by the State Board is entitled to weight" (*Koehn* v. *State Board of Equalization, supra*, 166 Cal.App.2d at p. 115; see also 3 Witkin, Summary of Cal. Law, Constitutional Law, § 36, p. 1825; 45 Cal.Jur.2d, Statutes, § 176, pp. 674-675), the practice of the board cannot grant jurisdiction in the face of a jurisdictional limitation. It obviously was the intention of the Legislature in 1959 to shorten generally the time within

which an appeal could be filed, as it permits the department to control within certain prescribed bounds the time within which its decision may be appealed. Thus, if its decision is made effective immediately the period begins to run immediately.[4]

If the department decides not to make its decision effective for a period of time up to 30 days, the period is computed from that time. However, there is no indication that in shortening the appeal time the Legislature intended to extend the power of the department to reconsider beyond the limit placed upon the department by section 11521.

It is of some significance that while under section 12a, Code of Civil Procedure, the time of the department to reconsider would have been continued until the next business day, had the 30th day fallen on a Sunday or holiday, it was not until 1961 that the Legislature saw fit to amend section 12a to include Saturday as a holiday.

The board contends that by reason of section 6800, Government Code, which provides, ''The time in which any act provided by law is to be done is computed by excluding the first day, and including the last ...'' the appeal was filed in time. The board arrives at this conclusion by the following ingenious reasoning: All parties agree that, assuming that the 30 days for reconsideration provided by section 11521 cannot be extended, the 30th day ended on Saturday, January 16. Section 23081, Business and Professions Code provides that the appeal must be filed ''On or before the tenth day'' thereafter. The board, in determining when that tenth day fell, would apply section 6800 to exclude January 17, which would give until January 27 in which to appeal. That was the day the appeal was filed. Such a computation, however, would give 11 days for the appeal instead of 10. ▮ The proper construction of section 6800 is that the first day to be excluded is the last day upon which the department could act, namely, January 16. The 10-day period then starts the next day, not as urged by the board, the second day thereafter. The correct interpretation is well illustrated in the case of judgments. The time to appeal from a judgment is computed by excluding the day upon which the judgment is filed,

---

[4]Section 11521 provides that time in which to order reconsideration shall expire 30 days after mailing decision, ''or on the date set by the agency itself as the effective date of the decision if such date occurs prior to the expiration of the 30-day period or at the termination of a stay not to exceed 30 days which the agency may grant. ...''

and counting the next day as the first day of the period for appeal. (See *O'Donnell* v. *City & County of San Francisco* (1956) 147 Cal.App.2d 63 [304 P.2d 852].)

In *Scoville* v. *Anderson* (1901) 131 Cal. 590, 594 [63 P. 1013], the court, speaking of the rule of computation of time prior to its enactment by statute stated, ''In measuring and computing time it has been the rule from a very early day in this state to exclude the day upon which the event happened. ...'' (See also *Ziganto* v. *Taylor* (1961) 198 Cal.App.2d 603 [18 Cal.Rptr. 229]; 47 Cal.Jur.2d, Time, § 24, p. 685; 86 C.J.S. § 13(3), p. 851.)

The judgment is affirmed.

Sullivan, J., and Molinari, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 5, 1964. Peters, J., was of the opinion that the petition should be granted.