[Civ. No. 31373.   Second Dist., Div. Four.   June 13, 1968.]

SHERBERNE & ASSOCIATES, Plaintiff and Appellant, v. VECTOR MANUFACTURING COMPANY, INC., et al., Defendants and Respondents.

Gould, Magaram & Riskin and Ira D. Riskin for Plaintiff and Appellant.

Thelen, Marrin, Johnson & Bridges, James M. Radnich and Andrew J. Nocas for Defendants and Respondents.

BISHOP, J. pro tem.*—This is an appeal by plaintiff from the order dismissing its action, because of the lapse of five years without a trial. We are affirming the order.

The action was commenced July 12, 1961. Defendants' notice of motion to dismiss was filed just five years later, on July 12, 1966. A demurrer had been interposed by the defendants on September 5, 1961. It was sustained, with leave to amend, as to two of the four causes of action of the complaint, and a first amended complaint was filed October 25, 1961. To this, defendants Vector (as we shall refer to defendant Vector Manufacturing Company, Inc.) and Fiske filed an answer, containing, as a second affirmative defense, a statement that the written agreement of September 15, 1957, upon which plaintiff relied in each of its four causes of action, contained a provision that ''the obligations of the agent hereunder are not subject to assignment or delegation, except with the prior consent and agreement of the principal.'' Defendants added:

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

"The purported assignment to plaintiff of said agreement dated September 15, 1957, was without the prior consent and agreement of defendant Vector. . . ."

On July 19, 1963, defendants gave notice of their intention to move July 26, 1963, "for an order for a separate pretrial conference and jury trial of the special defense of lacking of standing to sue as pleaded in the defendants' answer to the plaintiffs' first amended complaint." . . . The notice further advised that the motion "will be based upon the provisions of the California Code of Civil Procedure, section 597. . . ."[1]

The original record, to which we have turned to obtain a more complete account of events, contains a written order filed, August 21, 1963,[2] reading: "It Is Hereby Ordered, that the Second Affirmative Defense pleaded in defendants' answer to plaintiffs' First Amended Complaint be heard and determined at a separate pretrial conference and separate jury trial; said pretrial conference and jury trial to be held prior to the pretrial or trial of the other issues in the suit. Said separate pretrial conference is hereby set for September 3, 1963."

Interspersed with other pretrial matters, this phase was continued from time to time, but came to a pretrial hearing on October 22, 1963, with a joint statement reciting: "Defendants motion for separate pre-trial and trial on the second affirmative defense only was granted by the court and is presently the only matter before the court at this pre-trial." Also we find: "Discovery. We certify that all depositions and discovery proceedings have been completed, except as follows for the following reasons: no exceptions." Then, a Pretrial Conference Order was filed November 13, 1963, beginning: "A pretrial conference was held on the 22 day of October 1963," to which was attached, among other things, the joint statement above referred to. Among the statements appearing in the order are these: "All discovery has been completed and none will be permitted hereafter. The case is ready to be set

---

[1]Pertinent to our situation are these words of section 597, Code of Civil Procedure: "When the answer . . . sets up any . . . defense not involving the merits of the plaintiff's cause of action but constituting a bar or ground of abatement of the prosecution thereof, the court may upon the motion of either party; proceed to the trial of such special defense or defenses before the trial of any other issues in the case. . . ."

[2]The order recites, obviously in error, that the motion came on for hearing June 26, 1963.

for trial. . . . The case is set for trial Jan. 17, 1964 at 9 a.m. in Department 1."

We interrupt our review of events in the order of their occurrence, and skipping over September 1, find a notice, filed September 14, of a motion to reset the case for a pretrial conference. It was set for pretrial on January 12, 1965. Then, on July 12, 1966, we find the notice of a motion to dismiss, under section 583, Code of Civil Procedure, referred to in our opening paragraph. The motion was heard, granted, order of dismissal filed, and plaintiff appealed. ▮ On its appeal, it insists: first, that the action *was brought to trial* on January 17, 1964; and second, that there was a period in the five years between the commencement of the action and the motion to dismiss, when, for over six months, "it was impractical and futile to proceed to trial." We look at the events of January 17, 1964, and of the period "when it was impractical and futile to proceed to trial," with plaintiffs' argument in mind.

As to the "trial" of January 17, to which, plaintiff argues, the action was brought, we have not only more than a page of the court's minutes covering the events of the day, but a reporter's transcript of that which was said and done. We are not going into details, but the hearing was in chambers, and the events and nature of the discussion were typical of a pretrial hearing, not a trial. This hearing resulted in the vacation of the order that "second affirmative defense in defendants' answer to first amended complaint be heard and determined at a separate pretrial conference and separate jury trial." The assignment or transfer of said cause to this department was also vacated and, "the matter is therefore ordered off calendar." If that which took place on January 17 was a break in the five-year period that section 583 says can not be exceeded without a dismissal, then no case that is pretried within the five-year period is subject to a dismissal because not brought to trial within the prescribed limit. We are no more persuaded than the trial court was that the case was brought to trial on January 17.

▮ Plaintiffs' second contention is stated in its brief as follows: "The trial court failed to toll the five-year limitation during the time it was impractical and futile to proceed to trial."

▮ We are not unaware of the authorities that may be cited to support the thesis that during a time when it is

impractical or futile to proceed to trial, that time should not be counted in the five years that run before a dismissal is mandatory. We hold, however, that these exceptions are not recognized by the code, and must be guardedly made. Section 583 is repeatedly held to be mandatory when it says: ''Any action . . . shall be dismissed . . . unless such action is brought to trial within five years after the plaintiff has filed his action.'' Our Supreme Court stated in *Adams* v. *Superior Court* (1959) 52 Cal.2d 867, 870 [345 P.2d 466] : ''The provisions of section 583 of the Code of Civil Procedure are mandatory unless plaintiff can bring his case within one of the exceptions made by the statute or within one of the implied exceptions recognized by decisions. [Citing cases.]'' (See, further, *Wiggins* v. *Washington Nat. Life Ins. Co.* (1966) 246 Cal.App.2d 840 [55 Cal.Rptr. 129].) The legislation recognizes a need for some exceptions, so it adds: ''. . . except where the parties have filed a stipulation in writing that the time may be extended and except where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff. . . .'' Nowhere is there a legislative declaration that any time during which it is impractical or futile to bring the action to trial shall be used to extend the five-year period.

There are many periods, during the ordinary five years, when it would be both impractical and futile to bring a case to trial, which, we are sure, should not be made use of to add to the five-year period. Take this case, commenced July 12, 1961. How futile it would have been to try to bring it to trial before the defendants had filed their answer to the first amended complaint, on November 29, 1961. Should this period of over four months have been added to the five years when defendants filed their motions to dismiss on July 12, 1966? How many more days should be added for the Sundays and other holidays appearing through the five-year period, days when it would be futile to bring the action to trial? Of course, the answer is ''none.'' Should the trial court have added six months to the code's five years, because of the period pointed to by the appealing plaintiff? That is our question.

This is the period to which our appealing plaintiff points: ''In the instant action, on July 1, 1963, right in the middle of extensive discovery proceedings, the Trial Court suspended the appellant's right to discovery on all issues, except the respondents' second affirmative defense. . . . The Court's

order of July 19, 1963, ordering a separate trial on the second affirmative defense made it futile from that time until January 17, 1964, to even attempt to get the matter as a whole set for trial." We make three observations respecting this contention. First, as we have already noted, in the pretrial papers touching on the second affirmative defense, filed in October and November 1963, it appears that "all discovery has been completed." We do not suggest that this had reference to "all" in the case, but it does eliminate all from a part of it. Second, there remained after the six months' period, stretching until January 14, 1964, two and a half years of the five-year period. There was no claim, and no support for one, that those two and a half years did not afford plaintiff plenty of time to make such discovery as it still desired to make, after the six months' vacation in discovery proceedings it was required to take. We are of the opinion that a further exception to the "mandatory" requirement of section 583 should not be made because of a period of inactivity that is excusable so long before the end of the five years that time enough is left to overcome the effect of its imposition. It is a very, very, rare lawsuit that requires every hour—or month—of the five-year period to be available for preparation for trial. Exceptions may be made. This was not a case where the trial court erred in declining to make another.

The order from which plaintiff appealed is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.