[Civ. No. 34925. Second Dist., Div. Five. Aug. 13, 1970.]

THELMA YOUNGBLOOD et al., Plaintiffs and Appellants, v.
A. W. TERRA et al., Defendants and Respondents.

## COUNSEL

Joseph R. Ruffner for Plaintiffs and Appellants.

Clausen, Gilliland & Fernandes and Edward L. Le Berthon for Defendants and Respondents.

## OPINION

**REPPY, J.**—On October 8, 1965, a jury rendered a verdict for defendants in plaintiffs' personal injury action. On November 10, 1965, the court made and entered an order granting the motion for new trial of plaintiff Thelma Youngblood (hereinafter, plaintiff).

Code of Civil Procedure, section 583, subdivision (b) provides in part as follows: "When . . . a new trial [is] granted, [the] action shall be dismissed on motion . . . unless such action is brought to trial within three years after the entry of the order granting a new trial . . . ."

On November 7, 1966, plaintiff filed a memorandum for setting for retrial, the filing allegedly having been delayed because during the interim plaintiff was attempting to get the trial bifurcated, secure permission to amend the pretrial order, and take an additional deposition, the Rules

of Court (rule 206) prohibiting the filing of such a memorandum until discovery proceedings had been completed. The court set March 7, 1967, as the time for commencement of the retrial. A week before that date plaintiff notified her counsel that her doctor would not permit her to attend trial. On March 7, 1967, a motion for continuance by plaintiff's counsel, which defense counsel did not oppose, was denied. The court instead, ordered the case off calendar with provision for reinstatement by presentation of "a new memorandum to set . . . within 30 days after May 26, 1967."[1]

On December 7, 1967, an "At-Issue Memorandum and Certificate of Readiness"[2] was filed. In his brief, plaintiff's counsel erroneously refers to this as a "Memorandum to Set and Certificate of Readiness" and asserts that his intervening failure to file such a document was not discovered until the early part of December 1967. The at-issue memorandum advised "Setting conference required." It in no way indicated to the calendar department that only ten months of the three-year period remained or requested a setting within that time. Endorsed on the court's portion of the form is the notation, "Phoned Plff. Atty. Ruffner—Need motion to reset. 12-17 EJ." Apparently, after December 7, 1967, the case was awaiting the filing of such a motion. Between then and the date next mentioned, plaintiff did not file a motion to set. Consistent with his erroneous concept as to the nature of the document filed December 7, plaintiff, in his brief, takes the position that after that date "the matter had been . . . waiting for the assignment of a trial date by the Court." Even if it be considered that plaintiff's attorney in good faith, but inadvertently, overlooked the telephone call from the clerk and believed he had filed a motion to set, he made no attempt to have the case specially set, not even as expiration of the three-year period drew close at hand. On December 5, 1968, 25 days after the expiration of the three-year period specified in section 583, subdivision (b), defendants noticed a motion to dismiss under that section, specifying the hearing date as December 23. The opposing declaration of plaintiff's attorney says that on December 18 he filed a motion to set which was to be heard on December 23. On that date both motions were continued to January 6, 1969, pursuant to stipulation. On January 6, 1969, the court ordered the motion to set off calendar and granted the

---

[1]This apparently was in accordance with the policy of the court and plaintiff would have had preference for an early setting date if he had filed a "new memorandum to set" or "Request . . . for Reinstatement of Memorandum for Setting . . . ." (see Los Angeles Superior Court form 16, issued 3-67), rather than an "At-issue Memorandum" which she did file on December 7, 1967.

[2]Even at this time plaintiff's counsel might have gotten preference by noticing a motion for resetting in the master calendar department (department one). (See instructions on form 16, *supra*.)

motion of defendants. An order of dismissal was then filed. Plaintiff appeals from the order of dismissal.

Plaintiff contends that the court should have excluded from its computation of the three-year period the time between March 7, 1967, and May 26, 1967 (80 days),[3] during which period the case was off calendar under order of the court. If processing time after May 26, at any time after which plaintiff could have filed a new memorandum to set and had the case restored, were to be considered, something beyond 80 days would be part of the desired exclusion. However, plaintiff impliedly takes the position that if 80 days were excluded, the court could have given him a special setting so that the commencement of trial would have been within the three years. On January 6, 1969, when plaintiff's motion to set was ordered off calendar and defendants' motion to dismiss was granted, there still remained 23 days of the three years, if the 80 days are excluded from the computation.

In *Christin* v. *Superior Court,* 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153], it was held that there should be excluded from the computation of the five years for commencement of trial (also under Code of Civ. Proc., § 583, subd. (b)) the period of time when the power of the trial court was suspended by reason of the pendency of an appeal. Plaintiff urges the analogy of a suspension of the power of plaintiff to proceed consequent upon the trial court's placing the case off calendar on its own motion in lieu of the mere continuance requested.

Defendants contend that *O'Donnell* v. *City & County of San Francisco,* 147 Cal.App.2d 63 [304 P.2d 852], is more in point. There the case was placed off calendar in a first instance because of a missing police witness, and again, at a setting calendar session, because plaintiff was not represented; thereafter, setting procedures resulted in a failure of the cause to be scheduled for trial within five years after filing. The court (at pp. 65-66) held that these circumstances did not constitute an exception to this part of section 583, subdivision (b), classifying the delays as "ordinary incidents of proceedings like . . . normal time of waiting for a place on the court's calendar" which are not to be excluded; and it stressed the fact that there were seven months of the five years left (subsequent to the point when plaintiff filed his ultimate memorandum to set) within which to bring the case to trial but the plaintiff failed to make any motion to have the case specially set.

---

[3]There is a variance of interpretation in plaintiff's brief. The clerk's and reporter's transcript show that the off-calendar order of the court stated that the case should be restored and a new trial date secured by presenting a new memorandum to set within 30 days after May 26, 1967, not May 5 as set out by plaintiff. The former seems the more logical interpretation.

The instant case is somewhat distinguishable in that the cause for postponement was illness of plaintiff and not absence of a witness and that plaintiff asked only for a continuance but the court, on its own motion, ordered the case off calendar. There is nothing in *O'Donnell* to indicate that the off-calendar orders were in lieu of a requested continuance and were not agreeable to all. The off-calendar situation differs of course from the continuance in that in the former the plaintiff must affirmatively request resetting and endure whatever time-consuming intricacies are involved in the trial court's part of the process of resetting.[4] However, the situation here, with the preference available by action taken within the allotted 30 days, is quite close to that of a continuance. Thus, the *O'Donnell* rationale seems applicable.

Even if the trial court impotency is considered of the type which should qualify as suspensory under favorable circumstances, the turn of the decisions indicates that a form of estoppel can operate to preclude its application when plaintiff is guilty of neglect and procrastination with respect to setting during the passage of a period of time ample to permit it following "a time island" of impracticability. In *O'Donnell, supra,* at page 66, it was stressed that there was an after period of seven months during which the plaintiff failed to seek a special setting. In *Sherberne & Associates* v. *Vector Mfg. Co.,* 263 Cal.App.2d 68 [69 Cal.Rptr. 284], there was a period of two and one-half years, after a six months' island, during which the case would have been brought to trial before the expiration of five years. *Christin, supra,* did not consider this concept.

■ . In the instant case there was a six and one-half months' delay after May 26 in the filing of the "at-issue memorandum" and one and one-half years' delay in filing the motion to reset. Furthermore, at the time of filing the "at-issue memorandum" plaintiff did not alert the calendar department to the fact that but one of the three years remained and did not request setting within that time. There was the passage of 11 months between the filing of the "at-issue memorandum" and the filing of defendants' motion to reset during which plaintiff took no action to alert the calendar department of the imminence of the expiration of the three-year period.

If the nature of the circumstances causing the infeasibility of bringing

[4]*Martindale* v. *Superior Court,* 2 Cal.3d 568 [86 Cal.Rptr. 71, 468 P.2d 199], deals with the two-year discretionary period, but it contains language indicating the predilection of trial courts to put a case off calendar rather than to continue it. Counsel jointly asked for a continuance and were advised by the court that "the best procedure was to have the matter go off calendar and be reset when they were ready for trial." (P. 572.)

to trial is to be considered such as to make exclusion of a period of suspensory time warrantable, then plaintiff should be estopped to have the advantage of such an exclusion because of her dilatoriness.

The Supreme Court in footnote number 1 of *Brunzell Constr. Co. of Nevada* v. *Wagner*, 2 Cal.3d 545 [86 Cal.Rptr. 297, 468 P.2d 553], alludes to two islands of impracticability to bring to trial with respect to codefendants which would redound to the benefit of the plaintiff if its action against the dismissal-moving defendants were not feasibly severable. There was one year and eleven months after the island before the five-year period elapsed. However, the court evidently was not asked to focus its attention on whether subsequent indolence or procrastination would estop that plaintiff from claiming advantage of the period of impracticability. So there is no coming to grips with the point here isolated.

However, some general-principle language in the case suggests that consideration of the estoppel factor is not amiss. "[W]e have consistently declared that the applicability of the exception must be judged 'in light of *all* the circumstances in the individual case, including the acts and conduct of the parties . . . .' (Italics added.) [Citations.]" (P. 553)

The order of dismissal is affirmed.

Kaus, P. J., and Stephens, J., concurred.