[Civ. No. 51141. First Dist., Div. Two. Aug. 18, 1982.]

*REGINALD W. HUGHES, Plaintiff and Appellant, v. PORTSMOUTH SQUARE, INC., et. al., Defendants and Respondents.

---

*This case was previously entitled "Hughes v. Robo Bay Cities, Inc."

COUNSEL

Michael J. Korda, Trepel, Clark & Manley and Clark, Baron & Korda for Plaintiff and Appellant.

Linda E. Stanley and Dinkelspiel & Dinkelspiel for Defendants and Respondents.

OPINION

ARNE, J.*—This is an appeal from a judgment of dismissal under section 583, subdivision (b)[1] of the Code of Civil Procedure for failure to bring this action to trial within five years.

---

*Assigned by the Chairperson of the Judicial Council.

[1]Section 583, subdivision (b) provides in relevant part: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been

This action for breach of contract was filed on August 12, 1974, naming four defendants and 100 Does, but did not include respondent, Portsmouth Square, Inc. among the named defendants. Respondent was involved in a bankruptcy proceeding under chapter 11, from October 13, 1976, to July 3, 1979.

Appellant filed a first amended complaint on January 21, 1980, and at that time respondent was substituted into the case for Doe 21. On April 9, 1980, respondent, Portsmouth Square, Inc. filed a motion to dismiss under the five-year statute and a demurrer to the complaint on the grounds that another action was pending between the parties on the same cause of action.

On April 18, 1980, the motion and demurrer were heard. The motion to dismiss was granted and the order signed on April 23, 1980, from which this appeal arises.

■ Appellant contends that the court abused its discretion in that the five-year statute was tolled while the bankruptcy proceedings were pending against respondent. Respondent contends that the statute was not tolled during that time because it was not a party to this action until after the bankruptcy proceedings were concluded and the five-year statute had run. Respondent also argues that the dismissal was proper, if not because it was barred by the five-year statute, then because the matter is res judicata based upon a judgment of the bankruptcy court denying appellant's claim against Portsmouth Square, Inc., which judgment was affirmed on appeal by the United States District Court.

Notwithstanding that the language of section 583, subdivision (b) is mandatory in its direction that actions shall be dismissed unless brought to trial within five years after filing (except where the parties have stipulated in writing to extend the time), a limited number of exceptions to this provision have been recognized. Exceptions have been guardedly made because to do otherwise would destroy the clear legislative intent and public policy underlying section 583, subdivision (b) of the Code of Civil Procedure. (*Sherberne & Associates* v. *Vector Mfg. Co.* (1968) 263 Cal.App.2d 68 [69 Cal.Rptr. 284].) The exceptions have been limited to circumstances in which it is impossible or impractical for the

commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

plaintiff to proceed with the case; and, during such period of time it is said that the five-year statute is tolled.

Rule 401(a) of the Federal Rules of Bankruptcy Procedure provides that the filing of a petition in bankruptcy operates as a stay on the commencement or continuation of any action against the bankrupt. (*David v. Hooker, Ltd.* (9th Cir. 1977) 560 F.2d 412, 417.) It is not disputed that respondent was involved in a bankruptcy proceeding under chapter 11 from October 13, 1976, to July 3, 1979. To substitute respondent into this case between those dates would have been tantamount to commencing a legal action against respondent in violation of rule 401(a). It was impossible, therefore, to commence such legal action for a period of two years, eight months and twenty days, during which time the statute was tolled. Under these circumstances it was an abuse of discretion to dismiss this action.

Respondent urges that the trial court was correct in dismissing this action because it was barred by res judicata, the bankruptcy court having purportedly ruled on the validity of appellant's claims in those proceedings; and, it also urges that under section 474[2] of the Code of Civil Procedure, appellant was barred from amending the complaint to name respondent as a defendant because appellant was never ignorant of respondent's true identity. Whatever the merits of these contentions may be, neither bears on the issue of whether or not it was proper to dismiss this action under section 583, subdivision (b) of the Code of Civil Procedure, and neither issue was addressed to the trial court. They cannot be raised for the first time on appeal. (*Signal Hill Aviation Co. v. Stroppe* (1979) 96 Cal.App.3d 627, 638 [158 Cal.Rptr. 178]; *Cramer v. Morrison* (1979) 88 Cal.App.3d 873, 887 [153 Cal.Rptr. 865].)

The judgment of dismissal is reversed.

Grodin, P. J., and Miller, J., concurred.

A petition for a rehearing was denied September 17, 1982.

---

[2]Section 474 reads in pertinent part as follows. "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly . . . ."