[Civ. No. 25658. Second Dist., Div. Two. Mar. 16, 1962.]

MARGARET SPECHT, Plaintiff and Appellant, v. CITY OF LOS ANGELES, Defendant and Respondent.

458

Gladys Towles Root and Eugene V. McPherson for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, Victor P. Spero and Laurence R. Corcoran, Deputy City Attorneys, for Defendant and Respondent.

ASHBURN, J.—Pursuant to section 583[1] of the Code of Civil Procedure, a judgment of dismissal of this action was rendered on the ground that it was not brought to trial within five years from the filing of the action. Plaintiff has appealed, contending that under the circumstances the dismissal was not mandatory in that the case comes within an implied exception to the statute. There was no written stipulation extending time, and no claim is made that an express exception of section 583 is applicable.

Chronology of events: Plaintiff filed the action on July 26, 1955. Defendant filed its answer on August 8, 1955. On August 12, 1955, plaintiff filed her memorandum to set and the case was set for trial on October 30, 1956. On October 30, 1956, on motion of plaintiff, the cause was continued to December 5, 1956, and on the latter date the cause was continued to February 8, 1957 on motion of defendant. February 8, 1957, the matter was apparently taken "Off Calendar" and nothing further was done until October 30, 1959, when a substitution of attorneys was filed, substituting for plaintiff her present counsel. Since the five-year period expired on July 26, 1960, there remained at this time a period of eight months and twenty-six days within which to bring the case to trial.

On December 9, 1959, plaintiff, represented by present counsel, filed a memorandum for setting contested action and the case was set on the pretrial conference calendar for hearing on January 18, 1961—a date beyond said five-year period. On September 26, 1960, a notice of pretrial conference was filed in which it is stated that "The Court, on its own motion, has set the above entitled case for a pre-trial conference on January 18, 1961. . . ." On the last mentioned date the pre-

---

[1] The relevant portion of § 583 provides: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced . . . unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended. . . ."

460

trial conference was taken "Off Calendar, subject to 30 day rule."

On said date defendant, on notice, moved the trial court to dismiss the action on the grounds "that the above-entitled action has not been brought to trial within five (5) years after the plaintiff filed her action, and that there has been no stipulation in writing extending the time. . . ." The motion was granted and plaintiff appeals from the judgment entered on January 30, 1961.

Initially, appellant urges "that plaintiff has a meritorious cause of action which can be proved." "But the dismissal of an action for lack of prosecution is without regard to the merits or demerits of the cause of action." (*Superior Oil Co.* v. *Superior Court*, 6 Cal.2d 113, 117 [56 P.2d 950].)

The governing rules are stated in *Woley* v. *Turkus*, 51 Cal.2d 402, 406 [334 P.2d 12]: "The purpose of section 583 is to prevent avoidable delay in bringing an action to trial. [Citations.] A delay of five years is declared by this statute to be unreasonable as a matter of law [citations] and to be sufficient time to complete preliminary matters in bringing the cause to trial.

"However, the statute is not designed to arbitrarily close the proceedings at all events in five years. It expressly permits the parties to extend the period without limitation by written stipulation. [Citations.] Exceptions have been recognized by the courts. One arises where a party is unable from causes beyond his control to bring the case to trial either because of a total lack of jurisdiction in the strict sense on the part of the trial court or because proceeding to trial would be both impracticable and futile. Whether it is impossible, impracticable or futile to proceed to trial must be determined in the light of the circumstances in each case. [Citations.]"

This implied exception has been applied in numerous cases, but only upon an adequate showing that it would have been futile and impracticable or impossible to bring the action to trial within the designated period. See *Ellsworth* v. *United States Metals Corp.*, 110 Cal.App.2d 727 [243 P.2d 575], footnote 1, pages 728-729, setting forth a summary of examples of implied exceptions which have been recognized by the courts. "The net effect of the decisions appears to be that no implied exceptions will be created, and no excuses for noncompliance with C.C.P. 583 will be accepted, unless

they may fairly be said to make a trial impracticable.'' (2 Witkin, California Procedure, § 48, p. 1684.)

 The circumstances of this case as reflected by the record do not bring it within one of the implied exceptions recognized by the decisions. The record shows only the usual and ordinary proceedings preliminary to trial,—which are not to be excluded from the statutory five-year period. (*J. C. Penney Co.* v. *Superior Court,* 52 Cal.2d 666, 670 [343 P.2d 919]; *Lewis* v. *Greenspun,* 160 Cal.App.2d 711, 715-717 [325 P.2d 551]; *Bass* v. *Braun,* 178 Cal.App.2d 744, 747 [3 Cal.Rptr. 212]; *Beswick* v. *Palo Verde Hospital Assn.,* 188 Cal.App.2d 254, 257-259 [10 Cal.Rptr. 314].) It is appropriately stated in *O'Donnell* v. *City & County of San Francisco,* 147 Cal. App.2d 63, 65-66 [304 P.2d 852] : ''The rule on which plaintiff relies does not contemplate that time consumed by the delay caused by ordinary incidents of proceedings like disposition of demurrer, amendment of pleadings and the normal time of waiting for a place on the court's calendar or securing a jury trial is to be excluded from a computation of the five-year period. (*Continental Pac. Lines* v. *Superior Court, supra,* 142 Cal.App.2d 744, 750 [299 P.2d 417].) Moreover, on August 5, 1954, when defendant demanded jury trial, to which his right cannot be disputed, there were still more than seven months available of the five-year period within which the case should have been brought to trial. There is no showing or contention that the attorney of appellant . . . took any steps, by motion to advance or otherwise, to have the case specially set within the available period, or that it was impossible to reach said result. Hence appellant did not bring himself within the impossibility exception on which he relies.'' *Boyd* v. *Southern Pac. R.R. Co.,* 185 Cal. 344, 346-347 [197 P. 58] : ''It does not appear in the present case that the situation in this respect was called to the court's attention when the plaintiff's motion to set the cause was heard, and it may well have been that, if it had been, an earlier date would have been fixed. The responsibility for calling to the court's attention the necessity for an early date for trial was on the plaintiff, and since he did not do so, he must be taken to have acquiesced in the date set.''

 ''The fact that the case was once *set* for trial within the five-year period and then dropped from the trial calendar does not toll the five-year period within which the action must be *brought* to trial.'' (*Hastings* v. *Superior Court,* 131

Cal.App.2d 255, 258 [280 P.2d 74].) ▮ The pretrial conference is but another step in the proceedings leading to trial and does not affect the requirement of section 583. (*J. C. Penney Co.* v. *Superior Court, supra,* 52 Cal.2d 666, 670.) ▮ Nor does the fact that plaintiff was represented by other counsel for a period of more than four years constitute excusable delay. (*Continental Pac. Lines* v. *Superior Court,* 142 Cal.App.2d 744, 754 [299 P.2d 417].)

▮ It is settled that "the duty rests upon a plaintiff at each stage of the proceedings to use due diligence to expedite his case to a final determination." (*Raggio* v. *Southern Pac. Co.,* 181 Cal. 472, 475 [185 P. 171].) See also *Bronger* v. *Polytechnic School,* 60 Cal.App.2d 656, 658 [141 P.2d 480]; *Gunner* v. *Van Ness Garage,* 150 Cal.App.2d 345, 347 [310 P.2d 32].) ▮ The record herein reveals that plaintiff's failure to bring her case to trial was not caused by any circumstances making it impracticable or impossible to proceed, but from lack of diligence. Thus the mandatory provisions of section 583 are applicable.

Judgment is affirmed.

Fox, P. J., and Herndon, J., concurred.