[L.A. No. 29988. In Bank. Dec. 22, 1972.]

CROWN COACH CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
HOLLIS McKINLEY GARRETT, Real Party in Interest.

542

## COUNSEL

Harold Q. Longenecker and Ellis J. Horvitz for Petitioner.

No appearance for Respondent.

Pollock, Pollock, Fay & Baum, Brinton N. Bowles and Edward I. Pollock for Real Party in Interest.

## OPINION

**SULLIVAN, J.**—In this proceeding, petitioner Crown Coach Corporation seeks a writ of prohibition to restrain respondent superior court from taking

further proceedings in, or a writ of mandate to compel said court to dismiss, the civil action hereafter described because after a reversal of a judgment entered therein it was not brought to trial within three years after the filing of the remittitur in the trial court. (Code Civ. Proc., § 583, subd. (b).)[1]

The facts in brief are these. On *February 23, 1965,* real party in interest Hollis McKinley Garrett (hereafter plaintiff) commenced against the Board of Education of the City of Los Angeles, et al., the underlying action for damages for personal injuries. On November 10, 1965, plaintiff filed a first amended complaint naming Crown Coach Corporation as a defendant. Crown Coach Corporation (hereafter defendant) demurred on the ground that the action was barred by the statute of limitations. On February 1, 1966, the demurrer was sustained with leave to amend. On March 1, 1966, plaintiff filed a second amended and supplemental complaint. Defendant's demurrer thereto was sustained without leave to amend on March 16, 1966, and an order of dismissal was entered on *March 17, 1966.* Plaintiff appealed and, on February 29, 1968, the Court of Appeal reversed the order of dismissal. (*Garrett* v. *Crown Coach Corp.* (1968) 259 Cal.App.2d 647 [66 Cal.Rptr. 590].)

On *April 30, 1968,* the remittitur was filed in respondent superior court. On June 26, 1970, plaintiff filed an at-issue memorandum; on October 22, 1971, respondent court on its own motion served and filed a notice of intention to dismiss action on court's motion under section 583. On November 17, 1971, plaintiff filed opposition to the motion and on the following day a notice of motion for early trial. On November 23, 1971, respondent superior court declined to dismiss the action.[2] Defendant opposed plaintiff's early trial motion, which was granted on November 29, 1971; trial was set for March 6, 1972. On November 30, 1971, defendant filed a motion for dismissal under section 583, subdivision (b), which was again denied. Defendant thereupon filed the instant petition. We issued an alternative writ of prohibition.

■ "Either a writ of mandate to compel dismissal or a writ of prohibition to restrain the trial is a proper remedy to enforce the trial court's duty to dismiss pursuant to section 583, subdivision (b)." (*McDonough Power Equipment Co.* v. *Superior Court, ante,* p. 527 [105 Cal.Rptr. 330, 503 P.2d 1338].)

---

[1]Hereafter, unless otherwise indicated, all section references are to the Code of Civil Procedure.

[2]In declining to dismiss the action, the trial court stated, in part, "while the three year limitation [of section 583, subdivision (b)] offers the court no discretionary powers, it is the feeling of this court that the Legislature intended that the plaintiff would have a full five year period from the time of the filing of the Complaint to bring his action to trial. The application of the three year statute in this case would

The positions of the parties may be summarized thusly. Defendant (petitioner herein) contends that the undisputed facts make the three-year provision of the statute applicable and that dismissal is mandatory. Plaintiff (real party in interest herein) contends (1) that the Legislature did not intend that a litigant should have less than a full five years to bring an action to trial; (2) that the three-year provision of the section has no application where there has been no remand for a new trial; and (3) that in any event the section is not applicable because it was impossible and futile to bring the action to trial within the specified period.

In *McDonough Power Equipment Co.* v. *Superior Court, supra, ante,* page 527, we held that where, as in the instant case, a judgment of dismissal entered upon an order sustaining a demurrer without leave to amend has been reversed, the action must be brought to trial within three years from the filing of the remittitur in the trial court. As we there explained, the determination of the issues of law raised by the demurrer constitutes a trial within the meaning of section 583 and the three-year provision of the section, rather than the five-year provision, is applicable. In reaching such conclusions we rejected as without merit contentions similar to those made herein that the five-year provision was applicable. *McDonough* is controlling here and compels the conclusion that the trial court was under a duty to dismiss the action, unless, as plaintiff now claims, it would have been impossible or futile to bring the action to trial.

We therefore turn to plaintiff's final contention. As stated earlier, the remittitur was filed in the trial court on April 30, 1968, and the at-issue memorandum was filed by plaintiff on June 26, 1970, approximately two years and two months later. Plaintiff's argument runs as follows: that at the time he filed the at-issue memorandum there were ten months and four days remaining before the expiration of the three-year period;[3] that it must be presumed that the trial court, in denying a dismissal, believed that a motion to advance for trial would have been futile; and that the implied exceptions of futility and impossibility apply so as to prevent the running of the statutory period.

The record before us fails to disclose any statement made by plaintiff before the trial court expressly asserting that he was relying upon the

---

obviously reduce that five years and the court therefore finds it not applicable in these instances."

[3] Plaintiff's "At-Issue Memorandum and Certificate of Readiness" stated that the case was ready for *pretrial* and was entitled to preference "by reason of 583 C.C.P. (5 year statute) Complaint filed August, 1964 [*sic*].*

"*N.B. If defendant's counsel will stipulate that the time consumed on appeal up to the filing of the answer is excluded from the 5 year period—preference is waived for such period of time." (Italics added.)

implied exceptions of futility or impossibility as a bar to the running of the three-year provision of section 583. On November 17, 1971, when plaintiff resisted the court's motion to dismiss, the three-year period had already expired more than six months before, on April 30, 1971. The trial court itself had triggered the procedural events subsequent to the at-issue memorandum when on October 27, 1971, *six months after the expiration* of the three-year period, on its own motion, it gave notice of its intention to dismiss the action.

A declaration by plaintiff's counsel in opposition to the trial court's intended motion to dismiss the action stated, "At and since the time the At-Issue Memorandum was filed by Plaintiff on June 26, 1970, Plaintiff has been ready, willing and able to proceed to trial. . . . Due to Court congestion, [the] Clerk has not sent to plaintiff's counsel, a Notice of Eligility [*sic*] to File Certificate of Readiness. Had said notice been sent, plaintiff's counsel would have immediately filed a Certificate of Readiness with said Clerk." In the accompanying memorandum of points and authorities, plaintiff therefore took the position (for which no authority was cited) that the three-year provision "applies only to those cases wherein the five-year period has elapsed . . . and permits an *additional* three-year period to be added to the five-year period. . . ." (Original italics.)

Resting on these premises, plaintiff claimed the *five*-year period had not expired because in computing it, "the time between the date of the first filing of the demurrer on December 23, 1965, and the date the Remittitur of the Court of Appeal was filed with the Superior Court on April 30, 1968, must be excluded." Obviously this argument had a different emphasis from the one plaintiff now advances that "by reason of the congestion of the court it would have been useless for plaintiff to attempt to obtain an accelerated trial date."

In other words, before the trial court plaintiff contended that the *five*-year period applied and that such period had not expired because the time consumed on appeal had to be excluded in computing the five years. On the other hand, before this court plaintiff now contends that even if the three-year period is applicable, that period also has not expired because it would have been impossible and futile for plaintiff to bring the action to trial during the *three* years due to the congestion of the court. Whereas in the trial court plaintiff asserted "impossibility" due to a condition existing in the appellate court, namely the pendency of the appeal, he now asserts "impossibility" due to a condition allegedly existing in the trial court, namely the congested condition of the trial calendar.

Nevertheless, despite this change of position, we are inclined to permit

plaintiff to raise the point since, in fairness to him, it is obvious that essentially he claims that he should be excused from complying with the three-year provision because it would have been useless for him to have done so.

We are therefore presented with two questions. First, are the implied exceptions of impossibility and futility applicable to the three-year provision of section 583? Second, if they are, do they extend the three-year period in the instant case? We conclude that the first question should be answered in the affirmative and the second in the negative.

The dismissal statutes, like statutes of limitation, "promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed. The statutes also protect defendants from being subjected to the annoyance of an unmeritorious action remaining undecided for an indefinite period of time." (*General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 91 [52 Cal.Rptr. 460, 416 P.2d 492].) Thus in applying the mandatory five-year provision of section 583 we have said that "[u]nless an action is brought to trial within five years after it has been filed, except where the parties stipulate in writing that the time may be extended or in certain cases where the defendant is absent from the state, the action must be dismissed upon motion of the defendant. [Citations.]" (*Tunis* v. *Superior Court* (1963) 59 Cal.2d 465, 466 [30 Cal.Rptr. 135, 380 P.2d 823]; see *Pacific Greyhound Lines* v. *Superior Court* (1946) 28 Cal.2d 61, 63 [168 P.2d 665]; *Christin* v. *Superior Court* (1937) 9 Cal.2d 526, 529 [71 P.2d 205, 112 A.L.R. 1153]; *Miller & Lux Inc.* v. *Superior Court* (1923) 192 Cal. 333, 338 [219 P. 1006]; *Andersen* v. *Superior Court* (1921) 187 Cal. 95, 97 [200 P. 963].)

Nevertheless, over the years, this court and the Courts of Appeal have established decisionally certain implied exceptions where it would be impossible, impracticable or futile due to causes beyond a party's control to bring an action to trial during the five-year period. (*Brunzell Constr. Co.* v. *Wagner* (1970) 2 Cal.3d 545, 551 [86 Cal.Rptr. 297, 468 P.2d 553]; *Weeks* v. *Roberts* (1968) 68 Cal.2d 802, 805 [69 Cal.Rptr. 305, 442 P.2d 361]; *General Motors Corp.* v. *Superior Court, supra,* 65 Cal.2d 88, 94-95; *J. C. Penney Co.* v. *Superior Court* (1959) 52 Cal.2d 666, 671 [343 P.2d 919]; *Woley* v. *Turkus* (1958) 51 Cal.2d 402, 406-407 [334 P.2d 12]; *Rose* v. *Knapp* (1951) 38 Cal.2d 114, 117 [237 P.2d 981]; *City of Pasadena* v. *City of Alhambra* (1949) 33 Cal.2d 908, 916-917 [207 P.2d 17]; *Pacific Greyhound Lines* v. *Superior Court, supra,* 28 Cal. 2d 61, 67-68; *Christin* v. *Superior Court, supra,* 9 Cal.2d 526, 533; see also *Tunis* v. *Superior Court, supra,* 59 Cal.2d 465, 467; *Adams* v. *Superior Court* (1959) 52 Cal.2d 867, 870 [345 P.2d 466]; *Wyoming Pa-*

*cific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 740 [329 P.2d 489]; *Stella* v. *Great Western Sav. & Loan Assn.* (1970) 13 Cal.App.3d 732, 736-737 [91 Cal.Rptr. 771]; *Nail* v. *Osterholm* (1970) 13 Cal.App.3d 682, 686 [91 Cal.Rptr. 908]; *Wright* v. *Groom Trucking Co.* (1962) 206 Cal.App.2d 485, 496 [24 Cal.Rptr. 80]; *Specht* v. *City of Los Angeles* (1962) 201 Cal.App.2d 457, 460 [20 Cal.Rptr. 42]; *Beswick* v. *Palo Verde Hospital Assn.* (1961) 188 Cal.App.2d 254, 257 [10 Cal.Rptr. 314]; *Vecki* v. *Sorensen* (1959) 171 Cal.App.2d 390, 395 [340 P.2d 1020]; *Westphal* v. *Westphal* (1943) 61 Cal.App.2d 544, 550 [143 P.2d 405].) ▮ "Whether it is impossible, impracticable or futile to proceed to trial must be determined in the light of the circumstances in each case. [Citations.]" (*Woley* v. *Turkus, supra,* 51 Cal.2d 402, 407; see *Rose* v. *Knapp, supra,* 38 Cal.2d 114, 117; *Wright* v. *Groom Trucking Co., supra,* 206 Cal.App.2d 485, 496; *Specht* v. *City of Los Angeles, supra,* 201 Cal.App.2d 457, 460.)

▮ The Courts of Appeal have differed on the question whether the implied exceptions of impossibility, impracticability and futility are applicable to the *three-year* mandatory post-remittitur dismissal period, an issue to which we have not yet spoken. We agree with the view expressed in *Good* v. *State of California* (1969) 273 Cal.App.2d 587, 591 [78 Cal. Rptr. 316], that "[t]here is no reason why the impracticability and impossibility exceptions should not apply not only to dismissals under the five-year provision of section 583 but also to dismissals under the three-year provision." (See also *Arnold* v. *State of California* (1969) 273 Cal. App.2d 575, 585 [78 Cal.Rptr. 309]; *Hsu* v. *City etc. of San Francisco* (1966) 240 Cal.App.2d 317, 321 [49 Cal.Rptr. 531]; *McDonnell* v. *American Trust Co.* (1960) 178 Cal.App.2d 325, 327-328 [2 Cal.Rptr. 826]; accord: *McDonald Candy Co.* v. *Lashus* (1962) 200 Cal.App.2d 63, 66 [19 Cal.Rptr. 137].)[4] We, of course, intend this rationale to include the "futility" exceptions as well.

▮ A broad range of factors has been recognized as giving rise to impossibility, impracticability or futility in proceeding to trial within the five-year period.[5] On the one hand there is the policy that the law favors

---

[4]To the extent that it is inconsistent with our ruling here *Legg* v. *United Benefit Life Ins. Co.* (1955) 136 Cal.App.2d 894 [289 P.2d 553] is disapproved.

[5]E.g., *General Motors Corp.* v. *Superior Court, supra,* 65 Cal.2d 88 (consolidation of personal injury and wrongful death actions); *Woley* v. *Turkus, supra,* 51 Cal.2d 402 (insufficient stipulation); *Rose* v. *Knapp, supra,* 38 Cal.2d 114 (outstanding judgment awaiting appeal barring current action); *City of Pasadena* v. *City of Alhambra, supra,* 33 Cal.2d 908 (delay awaiting report of referee); *Pacific Greyhound Lines* v. *Superior Court, supra,* 28 Cal.2d 61 (codefendant absent for military service); *Christin* v. *Superior Court, supra,* 9 Cal.2d 526 (appeal of order changing venue); *Stella* v.

disposing of litigation on the merits rather than on procedural grounds (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193]); on the other, there is the burden imposed on the plaintiff of exercising diligence in proceeding to trial. (*St. Louis-San Francisco Ry. Co.* v. *Superior Court* (1969) 276 Cal.App.2d 762, 768 [81 Cal.Rptr. 705]; *Price* v. *Grayson* (1969) 276 Cal.App.2d 50, 55 [80 Cal.Rptr. 602].)

"The net effect of the decisions appears to be that no implied exceptions will be created, and no excuses for noncompliance with C.C.P. 583 will be accepted, unless they may fairly be said to make a trial impracticable." (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 94, p. 2755.) It is settled that the implied exceptions to the five-year period prescribed by section 583 do not contemplate "that time consumed by the delay caused by ordinary incidents of proceedings like disposition of demurrer, amendment of pleadings and the normal time of waiting for a place on the court's calendar or securing a jury trial is to be excluded from a computation of the five-year period. [Citation.]" (*O'Donnell* v. *City & County of S. F.* (1956) 147 Cal.App.2d 63, 65-66 [304 P.2d 852]; see *Wright* v. *Groom Trucking Co., supra,* 206 Cal.App.2d 485, 497; *Beswick* v. *Palo Verde Hospital Assn., supra,* 188 Cal.App.2d 254, 257; *Continental Pac. Lines* v. *Superior Court* (1956) 142 Cal.App.2d 744, 750 [299 P.2d 417].) "[T]he duty rests upon a plaintiff at every stage of the proceedings to use due diligence to expedite his case to a final determination." (*Raggio* v. *Southern Pacific Co.* (1919) 181 Cal. 472, 475 [185 P. 171]; see *Bella Vista Dev. Co.* v. *Superior Court* (1963) 223 Cal.App. 2d 603, 614 [36 Cal.Rptr. 106]; *Specht* v. *City of Los Angeles, supra,* 201 Cal.App.2d 457, 462; *Beswick* v. *Palo Verde Hospital Assn., supra,* 188 Cal.App.2d 254, 260; *Preiss* v. *Good Samaritan Hospital* (1959) 171 Cal.App.2d 559, 563 [340 P.2d 661]; *Oberkotter* v. *Spreckels* (1923) 64 Cal.App. 470, 473 [221 P. 698].)[6]

In the instant case the remittitur was filed in the trial court on

---

*Great Western Sav. & Loan Assn., supra,* 13 Cal.App.3d 732 (delay awaiting concurrent litigation on identical issues); *Nail* v. *Osterholm, supra,* 13 Cal.App.3d 682 (delay after peremptory challenge of judge); *Good* v. *State of California, supra,* 273 Cal.App.2d 587 (moratorium statute); *Westphal* v. *Westphal, supra,* 61 Cal.App.2d 544 (coplaintiffs' appeal pending).

[6]In *Oberkotter* v. *Spreckels, supra,* 64 Cal.App. 470, 473, the court said: "The established doctrine in this state is that it is the plaintiff upon whom rests the duty to use diligence at every stage of the proceeding to expedite his case to a final determination. It is true that the defendant may bring about a trial of the case, but he is under no legal duty to do so. His presence in the case is involuntary and his attitude toward it is quite different from that of the plaintiff; he is put to a defense only, and can be charged with no neglect for failing to do more than meet the plaintiff step by step."

April 30, 1968. The decision of the Court of Appeal was an unqualified reversal. On January 31, 1969, nine months later, plaintiff served and filed a notice to plead, requiring defendant to plead to the second amended complaint. On February 6, 1969, defendant filed its answer. Nowhere does plaintiff claim that defendant was responsible for this nine-month delay.

On June 26, 1970, almost 17 months later and 26 months after the filing of the remittitur, plaintiff filed an at-issue memorandum. It was plaintiff's duty to file this memorandum if he desired to have the case placed on the civil active list. At this point of time only ten months of the three-year mandatory dismissal period remained. From that time until October 22, 1971, when the trial court gave notice of its intention to dismiss the action, plaintiff took no steps whatsoever to bring the action to trial. By this time, as we have pointed out, the three-year period had been expired for six months. Plaintiff made no motion at any time during the three-year period to advance the case to trial. (Cal. Rules of Court, rule 225.)

In our view, plaintiff has failed to show that the instant case falls within one of the implied exceptions recognized by the courts.[7] Taking at face value plaintiff's allegation that there was "court congestion," our examination of the record before us discloses only the usual and ordinary incidents preliminary to trial in these days when it is common knowledge in the profession that the courts in our metropolitan areas are congested. It is also common knowledge that in such circumstances, attorneys faced with the expiration of the five-year provision take protective action by moving to advance for trial under rule 225. It is a plaintiff's responsibility to see that an action is brought to trial within the five-year period or the three-year period as the case may be.

Plaintiff for all practical purposes had almost three years to place the case on the civil active list and to see that it received a trial date within that period. He allowed nine months to pass before requiring the filing of an answer and another 17 months to pass after the case was at issue before having the case placed on the civil active list. When it became apparent in the remaining 10 months that the case was not going to receive a trial date reasonable precautions dictated that plaintiff should have moved under rule 225, advising the court of the urgency of a prompt trial so as to

---

[7]It is noteworthy that the return of the real party in interest (plaintiff) to the alternative writ makes no claim whatsoever that the application of the three-year provision to the instant case is subject to any of the implied exceptions recognized by the courts. Instead, plaintiff persists in maintaining that the three-year provision has no application and that the five-year provision governs in the case at bench.

avert dismissal. It is difficult for us to conceive that if this were done the motion would have been denied.

Instead, plaintiff seems to have been indifferent to the exigency of the matter and, when faced with a motion to dismiss six months after the expiration of the three-year period, appears to have taken the position that it was not the *three*-year period which was applicable but the *five*-year period. As we have shown, there is no support in law for such a position and numerous reported decisions of the appellate courts are to the contrary. Nor do we find persuasive plaintiff's argument that "it must be presumed" in the light of the ultimate denial of the motion to *dismiss* that the trial court believed that a motion to *advance* would have been futile. This event occurred after the expiration of the three-year period; as we have pointed out (see fn. 2, *ante*) and as the full minutes of the court lodged with us make clear, the trial court declined to dismiss the action because it concluded that the five-year period, rather than the three-year period, applied and that after excluding time on appeal, the five-year period had not expired. Nowhere is there any indication that the denial of a dismissal was predicated on the court's belief that a motion to advance, had it been made during the *three*-year period, would have been futile.

In summary, the foregoing did not constitute circumstances making it impossible, impracticable or futile to bring the action to trial during the applicable three-year period. We conclude that the three-year period was not extended and that the trial court abused its discretion in failing to dismiss the action.

Let a peremptory writ of mandate issue as prayed.

Wright, C. J., McComb, J., and Burke, J., concurred.

**PETERS, J.**—I dissent. For the reasons stated in my dissenting opinion in *McDonough Power Equipment Co.* v. *Superior Court* (1972) *ante,* page 527 [105 Cal.Rptr. 330, 503 P.2d 1338], I would deny mandate.

Tobriner, J., and Mosk, J., concurred.

The petition of the real party in interest for a rehearing was denied January 24, 1973. Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.