**The BURBRIDGE FOUNDATION, INC., Appellant,**

v.

**REINHOLDT & GARDNER et al., Appellees.**

No. 73–1792.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1974.

Decided May 15, 1974.

ment from the Chancery Court of Sebastian County, Arkansas, against Reinholdt & Gardner, a stock brokerage firm, to attach any stocks belonging to her former husband, R. O. Burbridge. The brokerage firm denied holding any stock in Burbridge's name, but admitted it had an account in the name of The Burbridge Foundation. The Burbridge Foundation intervened in the state court proceedings. Shortly thereafter, The Foundation brought suit in the federal district court against Reinholdt & Gardner, seeking recovery of the stocks. In its complaint, The Foundation made the same allegations it raised as intervenor in state court, *i. e.*, that the stocks belonged to it and not R. O. Burbridge personally. In addition The Foundation for the first time asserted that the Arkansas garnishment statute was unconstitutional in that it sought to deprive The Foundation of its property without due process of law.[1] Reinholdt & Gardner answered that it could not relinquish the stocks until ordered to do so by a court of competent jurisdiction. The Holloways[2] intervened in the federal action and moved to dismiss for lack of subject matter jurisdiction. The district court sustained the motion to dismiss. The Burbridge Foundation appeals.

Robert E. Hornberger, Fort Smith, Ark., for appellant.

G. Alan Wooten, Harper, Young & Smith, Fort Smith, Ark., for appellees.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and ROSS, Circuit Judges.

### PER CURIAM.

Upon registry of a personal judgment arising from a divorce decree, Velma Jean Holloway, formerly Velma Jean Burbridge, obtained a writ of garnish-

■■ The present suit is basically an action in rem seeking relinquishment of certain stocks held by the stakeholders, Reinholdt & Gardner. The Foundation's memorandum in the trial court stated that "the relief specifically sought is the return and delivery to The Burbridge Foundation of its stock deposited with that defendant [Reinholdt & Gardner]." The rule is well settled that the court, state or federal, which first acquires jurisdiction in a proceeding in rem retains jurisdiction to the exclusion of the other until final adjudica-

1. On Dec. 17, 1973, after the district court's decision, the Arkansas Supreme Court held provisions of Ark.Stat.Ann. § 31–501 (Repl. 1962) unconstitutional as authorizing prejudgment garnishment without notice. G.A. C. Trans-World Acceptance Corp. v. Jaynes Enterprises, Inc., 502 S.W.2d 651 (Ark. 1973). The applicability of this decision is denied by the present appellees.

2. Russell B. Holloway was the divorce attorney for Velma Jean Burbridge (now Holloway) and was awarded $12,000 in attorney's fees. He was also a party to the state garnishment suit.

tion. Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939); United States v. Bank of New York & Trust Co., 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331 (1936); *cf.* Lynch v. Porter, 446 F.2d 225, 229 (8th Cir. 1971), cert. denied, 404 U.S. 1047, 92 S. Ct. 711, 30 L.Ed.2d 739 (1972). Here the Arkansas Chancery Court was first to acquire jurisdiction of the res. Although the federal constitutional question was not originally raised in the state court, the decision in the state court as to the lawful ownership of the stock may obviate the necessity of passing on the constitutional issue (if in fact one remains, *see* note 1 *supra*). Therefore, we hold that the district court properly rejected the suit on jurisdictional grounds.

■ The federal district court's discussion of the constitutional question, as further support for its decision to dismiss, is without any binding effect on the parties. Once the court determined that it lacked jurisdiction, it was precluded from proceeding any further. *See* Kansas-Nebraska Natural Gas Co. v. St. Edward, 234 F.2d 436, 441 (8th Cir. 1956).

The judgment of dismissal for lack of jurisdiction is affirmed.