[Civ. No. 50639. Second Dist., Div. One. Aug. 17, 1978.]

ROBERT G. NICHOLS, Plaintiff and Appellant, v.
CANOGA INDUSTRIES, Defendant and Respondent.

## Counsel

Belcher, Henzie & Biegensahn and J. Gary Hastings for Plaintiff and Appellant.

Kindel & Anderson, Manuel S. Klausner and George L. O'Connell for Defendant and Respondent.

## Opinion

**THOMPSON, J.**—On December 22, 1977, we filed our opinion in the case at bench. Our Supreme Court granted respondent's petition for hearing, thereby wiping the jurisprudential slate clean of the blot of our opinion.[1] On July 5, 1978, our high court retransferred the matter to us "for refiling of [our] opinion with appropriate references to *Addison v. State of California* (1978) 21 Cal.3d 313 [146 Cal.Rptr. 224, 578 P.2d 944]," a case arising out of the First District in which hearing was granted at about the same time as the hearing grant in the case at bench.

We here seek to carry out the Supreme Court's mandate. At the outset, we face respondent's contention that the order of the high court places the case at large and subject to rebriefing and presumably further oral argument. Concluding that we cannot "refile" our earlier opinion with an "appropriate reference to *Addison*" if we in fact rewrite the earlier opinion in any way other than to include the reference we deny respondent's request for further briefing and argument. Because the mandate from the Supreme Court makes no reference to publication per rule 976, California Rules of Court, we do not modify our prior order for publication although the case at bench does not meet the criteria of rule 976 in light of *Addison*.

We hence refile our earlier opinion in its original form, deleting only the one paragraph which referred to and distinguished the First District's opinion in *Addison* which reached a result different from ours. As so modified with the "appropriate reference" to *Addison* which appears in this preamble, our opinion follows.

---

[1]See *People v. Norman* (1975) 14 Cal.3d 929, 939 [123 Cal.Rptr. 109, 538 P.2d 237], fn. 10.

This appeal raises, primarily, the issue of the scope of the California rule of equitable tolling of the statute of limitations by the filing of an action in another forum. Specifically, we consider the effect upon the California statute of limitations of: (1) an action filed in the federal district court within the California limitations period which asserts a federal claim together with a cause of action based solely upon state law; and (2) dismissal by the federal court of the latter cause of action for lack of pendent jurisdiction upon its determination that the federal cause is barred by the statute of limitations applicable to it.

Applying the rule of *Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399 [154 P.2d 399] as expanded in *Elkins* v. *Derby* (1974) 12 Cal.3d 410 [115 Cal.Rptr. 641, 525 P.2d 81], we conclude that a complaint which alleges the timely filing of a federal action under the described circumstances sufficiently asserts tolling of the statute of limitations upon the California cause of action so that the state cause is not barred. Accordingly, we reverse a judgment of dismissal entered after a demurrer was sustained and return the matter to the trial court to permit amendment of the portions of the complaint to which a motion to strike was properly granted.

### Facts

Because the case at bench reaches us on a judgment of dismissal based upon an order sustaining a demurrer to the complaint, we accept as true the facts alleged in that pleading. We also accept as true facts of which the trial court took judicial notice.

*Statute of Limitations.* In 1968, plaintiff, Robert G. Nichols, was the sole stockholder of Reeves Electronics, Inc. On November 15 of that year, Nichols entered into a written agreement with defendant, Canoga Industries, Inc., by which Nichols and Reeves agreed to transfer substantially all the assets and business of Reeves subject to its liabilities to Canoga in return for 20,000 shares of Canoga stock. The transaction was to be consummated in early 1969. All shares to be delivered were "lettered stock," i.e., not freely transferable by Nichols although Canoga shares were listed on stock exchanges. The agreement provides that if between January 4 and January 14, 1971, the 20,000 shares of Canoga should be of a value less than $20 per share, Canoga will deliver to Nichols additional shares of Canoga stock to make up the deficiency but sets a maximum of 12,000 on the additional shares to be delivered.

In article V of the agreement, Canoga warranted: (1) that its audited balance sheet and income statement as of October 31, 1967, and its unaudited income statement as of July 31, 1968, fairly represented its financial condition; and (2) that there had been no material adverse change in its condition since October 31, 1967, and no "change, destruction or loss . . . materially and adversely affecting" its properties, business or prospects.

Nichols carried out his part of the agreement. The transaction was consummated on February 14, 1969, by the delivery by Canoga of 20,000 shares of its stock with an additional 12,000 shares delivered in February of 1971. As of January 14, 1971, the 32,000 shares were worth only $100,000.

Canoga breached the warranties of its financial condition. Because of the breaches of the warranties, Nichols was damaged in the amount of $300,000.

On November 6, 1972, Nichols sued Canoga in the federal district court. Nichols' district court complaint asserts a cause of action for violation of section 10(b), Securities Exchange Act of 1934, and one for breach of the contract.[2] The cause of action for breach of contract included in the complaint filed in the federal court is based upon the same facts as the complaint which commenced the case at bench.

On September 7, 1973, the defendants in the federal court suit moved for summary judgment, asserting that the cause of action for violation of section 10(b) was barred by a three-year statute of limitations. The motion sought dismissal of the breach of contract cause of action for lack of pendent jurisdiction. On January 17, 1974, the federal district court granted the motion for summary judgment on the section 10(b) cause of action because of the bar of the statute of limitations and dismissed the other cause of action. Nichols appealed the summary judgment and dismissal to the Court of Appeals for the Ninth Circuit. The complaint at bench was filed on January 3, 1975, while the federal appeal was pending.[3]

*Motion to strike.* The November 15, 1968, agreement is attached to the complaint and incorporated by reference.

[2] The federal court complaint also includes a cause of action for fraud which is treated by the parties as of no significance to the case at bench.

[3] The federal court's action was subsequently affirmed.

Paragraph 7 of the complaint alleges that Canoga agreed to pay Nichols "the sum of $400,000.00 in the form of 20,000 shares of Canoga stock, valued at $20.00 per share . . . Canoga further agreed to deliver to plaintiff additional shares of stock in Canoga, not to exceed 12,000 additional shares, in the event the value of Canoga stock between January 4, 1971 and January 14, 1971 was less than $20.00 per share. . . ." Paragraph 10 of the complaint alleges damages in the approximate amount of $300,000 measured by the difference between $400,000 and the fair market value of 32,000 shares of Canoga at the closing date of the transaction.

Paragraph 1.04.1 of the Nichols-Canoga agreement states: "In consideration of the sale, transfer and delivery to Canoga of the properties, assets and business of Reeves . . . Canoga agrees that on the Closing Date it will sell and issue to Reeves a stock certificate(s) representing 20,000 shares of Canoga Common Stock." Paragraph 1.04.2 of the contract states: "In the event the average closing market price on the principle exchange on which Canoga is listed for the ten trading days commencing on January 4, 1971, for Canoga Common Stock, is less than $20.00 per share, Canoga will issue and deliver such additional number of shares valued at the average closing market price to make up the difference between the then closing market price and $20.00 per share for only those shares still held as part of the original issuance and delivery of 20,000 shares hereunder. However, in no event shall such additional number of shares exceed 12,000."

*Proceedings in the Trial Court*

On January 3, 1975, Nichols filed his complaint in the case at bench naming Canoga and four of its officers as defendants. Defendant Canoga filed a general demurrer to the complaint asserting that it was barred by the four-year statute of limitations of Code of Civil Procedure section 337, subdivision 1. Defendant also moved to strike paragraphs 7 and 10 of the complaint on the ground that the allegations of those paragraphs are rebutted by the provisions of paragraphs 1.04.1 and 1.04.2 of the agreement attached to and incorporated by reference in the complaint.

The trial court sustained the demurrer and granted the motion to strike. Stating that, "The ruling on the demurrer compels a denial of leave to amend," the trial court ordered the action dismissed. A judgment of dismissal followed.

*Statute of Limitations*

■ The trial court erred in sustaining the demurrer based upon the statute of limitations.

Applicability of the bar of the statute of limitations to the case at bench depends upon the effect of the filing of the federal court action as tolling the California limitations period. The parties agree that the four-year limitations period of Code of Civil Procedure section 337, subdivision 1 applies to the case at bench. The complaint was filed on January 3, 1975. All parties concede that the earliest date of accrual of the cause was February 14, 1969, the closing date of the transaction encompassing the warranties which Nichols claims were breached.[4] That date is some five years and eleven months prior to the time the complaint was filed in the California Superior Court but within four years of November 6, 1972, the date upon which Nichols filed his federal court lawsuit which, because of its undetermined appeal, remained pending when the case at bench was commenced.

Because of California's rule of equity tolling the statute of limitations on a cause of action while the plaintiff reasonably, in good faith, and without prejudice to his adversary pursues an alternative remedy, the complaint adequately alleges facts supporting the conclusion that the statute was tolled.

Code of Civil Procedure section 355 states: "If an action is commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on appeal, the plaintiff . . . may commence a new action within one year after the reversal." Section 355 is broadly construed to apply to actions commenced in a state other than California as well as to actions initially filed in the state. (*Schneider* v. *Schimmels* (1967) 256 Cal.App.2d 366, 370-372 [64 Cal.Rptr. 273].)

As the statute is broadly construed, it, along with California's doctrine of "relation back" of amended pleadings, is treated as establishing a policy favoring relief from the statute of limitations to the litigant who timely files an action in the wrong forum and thereby gives notice of its pendency to his adversary. (*Bollinger* v. *National Fire Ins. Co., supra,* 25 Cal.2d 399, 409-410.) To implement the policy, our Supreme Court has developed a rule of procedure founded in equity which relieves a plaintiff

---

[4]Nichols presents an argument that the cause of action did not accrue until the time for delivery of the additional 12,000 Canoga shares. We do not reach that argument.

of the bar of the statute of limitations. (*Bollinger* v. *National Fire Ins. Co., supra,* 25 Cal.2d at pp. 410-411; *Friends of Mammoth* v. *Board of Supervisors* (1972) 8 Cal.3d 247, 269 [104 Cal.Rptr. 761, 502 P.2d 1049]; *Elkins* v. *Derby, supra,* 12 Cal.3d 410, 417-419.)[5] As most recently announced by our Supreme Court, the rule of relief is: "[R]egardless of whether the exhaustion of one remedy is a prerequisite to the pursuit of another, if the defendant is not prejudiced thereby, the running of the limitations period is tolled '[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one.' " (*Elkins* v. *Derby, supra,* 12 Cal.3d at p. 414.)

The equity based decisional rule of tolling has been applied where a prior action timely filed resulted in a nonsuit because of a holding that it was premature and a later action was filed after the period of limitations had expired (*Bollinger* v. *National Fire Ins. Co., supra,* 25 Cal.2d 399); where a party pursued a third party claim for property upon which execution was levied and later after the limitations period sued for damages for unlawful detention of the property (*Tu-Vu Drive-In Corp.* v. *Davies* (1967) 66 Cal.2d 435 [38 Cal.Rptr. 348, 391 P.2d 828]); where a petition for mandate timely filed in the Court of Appeal rather than the superior court was rejected by the former tribunal and a petition for the same relief was then filed in the superior court after the statutory period (*Friends of Mammoth* v. *Board of Supervisors, supra,* 8 Cal.3d 247, 269); and where after a proceeding was filed with the Workers' Compensation Appeals Board and rejected for failure to establish work relation of the injury an action was filed in the superior court after the period of limitations (*Elkins* v. *Derby, supra,* 12 Cal.3d 410).

Here Nichols had two legal remedies based upon the facts underlying his cause of action for breach of warranty, one in the federal court as a pendent claim to a cause of action for a violation of the Securities Exchange Act of 1934 and the other in the California court. He pursued his action in the federal court, thus tolling the statute of limitations in the state court action unless the defendants were prejudiced or Nichols conduct in pursuing the federal proceedings was unreasonable or not in good faith. Prejudice to the defendants, Nichols' lack of good faith, or the unreasonableness of his conduct does not appear on the face of the complaint. Neither does any unreasonable delay in filing the case at

---

[5]The rule of relief exists despite language of Code of Civil Procedure section 312 which states: "Civil actions, *without exception*, can only be commenced within the periods prescribed in this title . . . unless where, in special cases, a different limitation is prescribed by *statute.*" (Italics added.)

bench, a factor which might also be a bar to the action in light of the equitable foundation of the applicable tolling rule. Hence, the face of the complaint establishes that the cause of action is not barred.

Citing *Freeman* v. *State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473 [121 Cal.Rptr. 477, 535 P.2d 341] and *N. V. Heathorn, Inc.* v. *Regents of University of California* (Cal.App.), Canoga argues that any rule tolling the statute of limitations while another remedy is pursued applies only where the pursuit of the earlier and later remedies involves inconsistent positions. The argument fails.

No such limitation appears in the language of the precedent cases. Such a limitation, while possibly inherent in the facts of *Elkins,* is not compatible with the facts of *Tu-Vu Drive-In* or *Friends of Mammoth. Heathorn* has been relegated to a nonpublished status by the Supreme Court and hence is of no precedential value. (Rule 977, Cal. Rules of Court.) Nor is the limitation supported by *Freeman* v. *State Farm. Freeman* does not involve successive actions against the same defendant but rather rejects a contention that pursuit of a lawsuit against one person tolls the statute of limitations on a cause of action against another not named in the first proceeding. (14 Cal.3d at p. 489.)

Canoga argues also that *Manor Drug Stores* v. *Blue Chip Stamps* (1977) 71 Cal.App.3d 423 [139 Cal.Rptr. 483] compels the conclusion that the pendency of the federal court lawsuit did not toll the running of the statute of limitations. *Manor Drug* does not control the case at bench. That decision holds that the pendency of a federal court action does not render prosecution of a parallel California lawsuit impossible or impractical so as to avoid the requirement of Code of Civil Procedure section 583 that an action be dismissed if it is not brought to trial within five years after the plaintiff has filed the action.

The policy underpinning of section 583 is broader than that which underlies statutes of limitation. While section 583 is based in part upon a policy to "promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed" (*General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 91 [52 Cal.Rptr. 460, 416 P.2d 492], quoted in *Crown Coach Corp.* v. *Superior Court* (1972) 8 Cal.3d 540, 546 [105 Cal.Rptr. 339, 503 P.2d 1347]) and thus upon considerations akin to that of statutes of limitation (*Crown Coach Corp.* v. *Superior Court, supra,*

at p. 546), a second policy is also promoted by the statute. Section 583 "protect[s] defendants from being subjected to the annoyance of an unmeritorious action remaining undecided for an indefinite period of time." (*General Motors Corp.* v. *Superior Court, supra,* 65 Cal.2d 88, 91, quoted in *Crown Coach Corp.* v. *Superior Court, supra,* 8 Cal.3d 540, 546.)

The policy of protection against the continued pendency of an unadjudicated lawsuit does not apply to the situation of a statute of limitations. The bar applies specifically because no suit is pending. Thus, the situation considered in *Manor Drug* is not apposite to that present in the case at bench. Unlike the *Manor Drug* court, we are concerned solely with the impact of a policy of protection of a defendant against the possibility that lapse of time has caused the loss of evidence or otherwise impeded his defense. Our Supreme Court has declared that the policy of protection is satisfied by applicability of the rule of tolling only where the defendant has notice of the need to defend by reason of the plaintiff's pursuit of another remedy, and then only if the defendant is not prejudiced.

We thus conclude that because the face of the complaint establishes that the statute of limitations on the cause of action asserted in it was tolled, the trial court erred in sustaining a demurrer to the complaint on the theory that it is untimely. (But see language in *Hooker* v. *East Riverside Irr. Dist.* (1918) 38 Cal.App. 615, 622 [117 P. 184], a pre-*Bollinger* decision dealing with the effect of a federal court action decided on the merits.)

### Motion to Strike

■ Where a written instrument is unambiguous and incorporated by reference into a complaint, any allegations in the pleading inconsistent with the incorporated writing may be stricken. (3 Witkin, Cal. Procedure (2d ed. 1971), Pleading, §§ 319 and 320.) Here the allegations of paragraph 7 of the complaint are inconsistent with paragraphs 1.04.1 and 1.04.2 of the agreement which is incorporated by reference in the pleading. The complaint alleges a consideration of $400,000 payable in the form of shares of stock, while the agreement in facially unambiguous terms treats a dollar value of $20 per share merely as the standard by which shares of Canoga in addition to the original 20,000 will be issued while limiting the additional shares to a maximum of 12,000. Here there are no facts alleged establishing ambiguity of the written instrument albeit conceivably facts may exist to establish "ambiguity" within the

meaning of *Pacific Gas & E. Co.* v. *G. W. Thomas Drayage etc. Co.* (1968) 69 Cal.2d 33 [69 Cal.Rptr. 561, 442 P.2d 641, 42 A.L.R.3d 1373].

The motion to strike was thus properly granted as to paragraph 7 of the complaint. That paragraph having been properly stricken, the allegation of damage in paragraph 10 of the complaint necessarily falls with it. Hence, the trial court properly struck paragraph 10 also.

The propriety of trial court action granting the motion to strike does not end the matter. The court exercised its discretion denying leave to amend the complaint because of its conclusion that the cause was barred by the statute of limitations. Hence, the matter must be remanded to permit Nichols to amend his complaint if he can truthfully allege facts which establish that the additional 12,000 shares were not to be his exclusive compensation for diminution in value of Canoga shares. (See *Pacific Gas & E. Co.* v. *G. W. Thomas Drayage etc. Co., supra,* 69 Cal.2d 33.)

### Res Judicata—Collateral Estoppel

■ Defendant asks that we take judicial notice of findings of fact and conclusions of law drawn by the federal district court when it granted judgment to defendants on the claim based upon the Securities Exchange Act of 1934 and dismissed the cause of action for breach of contract. Defendant contends that a conclusion of law that Nichols had waived any cause of action for breach of contract by accepting the additional 12,000 Canoga shares bars his proceeding in the case at bench. That conclusion of law follows others which hold that because the federal court cause of action for violation of section 10(b) is barred by the statute of limitations: (1) the district court "lacks pendent jurisdiction" of the cause of action for breach of contract; (2) the cause of action for breach of contract involves no question of federal law, and there is no diversity of citizenship sufficient to confer federal jurisdiction; and (3) hence the federal district court "lacks jurisdiction over the subject matter" of the cause of action for breach of contract.

In sum, the federal district court conclusion of law upon which defendant relies as a bar to the case at bench was entered on a cause of action over which that court declined to exercise subject matter jurisdiction.

A dismissal for lack of jurisdiction is not res judicata (*GMS Properties, Inc.* v. *Superior Court* (1963) 219 Cal.App.2d 407 [33 Cal.Rptr. 163], 414-415; Rest., Judgments, § 49; 4 Witkin, Cal. Procedure (2d ed. 1971), Judgment, § 168), and does not by the operation of collateral estoppel bar relitigation of substantive issues raised (4 Witkin, Cal. Procedure, *supra*, Judgment, §§ 210, 211) except as to issues necessary for the determination of jurisdiction. (*Shore* v. *Shore* (1954) 43 Cal.2d 677 [277 P.2d 4].) Findings of fact or conclusions of law not pertaining to the jurisdictional issue are "without any binding effect on the parties." (*Burbridge Foundation, Inc.* v. *Reinholdt & Gardner* (8th Cir. 1974) 496 F.2d 326, 328.)

Hence the conclusion of law upon which defendant relies has no binding effect. The federal district court having declined to exercise subject matter jurisdiction of the breach of contract cause of action was "powerless to make a decision on [its] merits." (*Mann* v. *Merrill, Lynch, Pierce, Fenner and Smith, Inc.* (5th Cir. 1973) 488 F.2d 75, 76.)[6]

### Disposition

The judgment is reversed. The matter is remanded to the trial court with directions to permit plaintiff to file an amended complaint.

Lillie, Acting P. J., and Hanson, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 12, 1978.

---

[6]Canoga properly does not assert that Nichols is barred from proceeding in the state court because the filing and dismissal in the federal court impermissibly splits a cause of action. (See *Mine Workers* v. *Gibbs* (1965) 383 U.S. 715, 724 [16 L.Ed.2d 218, 227, 86 S.Ct. 1130].)