I respectfully dissent. In my view the trial court erred in denying defendant's motion to dismiss the action on the ground that plaintiff failed to serve summons within the three-year period specified in section 581a, subdivision (a), of the Code of Civil Procedure.
Plaintiff was injured in a motor vehicle accident in September 1975. She filed her action for damages in August 1976, naming the manufacturer and owner of the vehicle, the service station and mechanic who serviced it, and various "Doe" defendants. In September 1979, in the course of a deposition of plaintiff's own coemployee conducted by one of the named defendants, plaintiff learned that defendant Hocharian had serviced the vehicle's brakes prior to the accident. Accordingly, on November 5, 1979, plaintiff served him as a Doe defendant.
In pertinent part, section 581a, subdivision (a), provides that "No action . . . shall be further prosecuted . . . unless thesummons on the complaint is served and return made within threeyears after the commencement of said action. . . ." (Italics added.) The Legislature added an important qualification to the foregoing rule in subdivision (d) of the same section: "The time during which the defendant was not amenable to the process ofthe court shall not be included in computing the time period specified in this section." (Italics added.) Although the clear implication of these provisions is that mere delay in locating or identifying an otherwise amenable defendant does not extend the three-year period, the majority's new "reasonable diligence" rule accomplishes precisely such a result. The majority's holding is not only unprecedented and indeed *Page 726 contrary to prior law, it also contravenes the very policy underlying section 581a to assure that defendants receive timely notice of the institution of an action against them.
Despite the seemingly mandatory language of section 581a, subdivision (a), certain nonstatutory exceptions to its directive have been recognized. (See Busching v. Superior Court (1974)12 Cal.3d 44, 53 [115 Cal.Rptr. 241, 524 P.2d 369]; WyomingPacific Oil Co. v. Preston (1958) 50 Cal.2d 736, 740-741 [329 P.2d 489].) Until today's decision, however, these exceptions were carefully limited to two restricted categories, excusing plaintiff's delay where (1) defendant is estopped to complain (Tresway Aero., Inc. v. Superior Court (1971) 5 Cal.3d 431, 441-442 [96 Cal.Rptr. 571, 487 P.2d 1211]), or (2) there are circumstances beyond plaintiff's control which made it "impracticable, impossible, or futile" to comply with section581a (Ippolito v. Municipal Court (1977) 67 Cal.App.3d 682, 687 [136 Cal.Rptr. 795]; Highlands Inn, Inc. v. Gurries
(1969) 276 Cal.App.2d 694, 698 [81 Cal.Rptr. 273]). Plaintiff, here, concedes that there is no basis for finding that defendant should be estopped from relying on section 581a Similarly, plaintiff must acknowledge that timely service upon defendant Hocharian was wholly within her control, for defendant was amenable to process throughout the entire period in question.
The majority excuses compliance with section 581a if plaintiff exercised "reasonable diligence" in prosecuting her action, and if defendant was not unduly prejudiced by the delay. As I will seek to demonstrate, such a judicially declared broad exception to the statutory three-year requirement finds no support in the cases.
In Wyoming Pacific, supra, we held that despite the mandatory language of section 581a, "discretion has entered into the application of this provision so as to prevent it from being used to compel the dismissal of actions where the plaintiff has not had a reasonable opportunity to proceed to trial. [Citation.] [¶] [T]he trial court is vested with discretion . . . comparable to the discretion with which it is vested in applying the exceptions to section 583 [specifying a five-year period in which to bring one's case to trial]." (50 Cal.2d at pp. 740-741.) Significantly, the cases interpreting section 583 have agreed that an exception exists "where it would be impossible, impracticable or futiledue to causes beyond a party's control to bring an action to trial during the five-year period. [Citations.]" (Crown CoachCorp. v. Superior Court (1972) *Page 727 8 Cal.3d 540, 546 [105 Cal.Rptr. 339, 503 P.2d 1347], italics added; accord, Christin v. Superior Court (1937) 9 Cal.2d 526, 532 [71 P.2d 205, 112 A.L.R. 1153]; Hunot v. SuperiorCourt (1976) 55 Cal.App.3d 660, 664 [127 Cal.Rptr. 703].)
I have found no case which has excused compliance with either section 581a or 583 based upon circumstances which are within plaintiff's control, such as the failure to discover relevant facts or evidence. As stated in a recent section 583 case, "it has never been held or even hinted that time stands still while the parties are going through the necessary motions of getting a case ready for trial. [¶] On the contrary, it is quite firmly established that `the time consumed by the delay caused by ordinary incidents of proceedings like disposition of demurrer, amendment of pleadings, and the normal time of waiting for a place on the court's calendar or securing a jury trial are not within the contemplation of the implied exceptions for exclusion from a computation of the applicable period. . . .' [Citations.]" (Standard Oil Co. v. SuperiorCourt (1976) 61 Cal.App.3d 852, 857 [132 Cal.Rptr. 761]; accord, Crown Coach Corp. v. Superior Court, supra,8 Cal.3d 540, 548.) Similarly, time does not "stand still" until, during the course of discovery, plaintiff stumbles across evidence which discloses the identities of legally vulnerable persons who previously had been sued as Doe defendants. The failure to discover such evidence, even when a party exercises reasonable diligence, should not excuse a delay beyond the statutory three-year period.
Section 581a is aimed at assuring that a defendant receives timely notice of the commencement of an action, so that he may, in turn, undertake discovery, preserve evidence, and locate witnesses. (Ippolito v. Municipal Court, supra, 67 Cal.App.3d 682, 687.) Insofar as the "Doe defendant procedure" is concerned, the California system has received academic criticism, for "it indiscriminately lets any plaintiff add as much as 3 years to any applicable statute of limitations. For example, the California statute of limitations for breach of a written contract is 4 years. This would seem to provide ample time for a plaintiff to identify all potential defendants. A defendant who first learns of the suit almost 3 years after the expiration of such a lengthy period is justified in complaining that a procedural gimmick is being used to deprive him of the protections that a reasonable, set period of limitations is supposed to provide." (Hogan, California's Unique Doe DefendantPractice: A Fiction Stranger Than Truth (1977) 30 Stan.L.Rev. 51, 101-102, fns. omitted.) *Page 728 
Under the present majority's holding, the period within which service of summons may be made on a Doe defendant may be extended even further than the unusually lengthy prenotification period envisaged by Professor Hogan. Thus, as construed by the majority, the time sequences in the foregoing example could well be four years (for the underlying action) plus three years (§ 581a),plus an undetermined, indefinite prolonged period within which the plaintiff may attempt to show that his or her diligence has been "reasonable" and that the defendant has not been unduly "prejudiced" by the delay. The introduction of such rubberized, elastic standards into what is essentially a limitations statute (now judicially transformed by the majority into a mere presumption), results in neither fairness nor certainty in civil procedure. The unsettling consequence doubtless will leave innumerable civil actions entirely open-ended subject to the vagaries of a case-by-case inquiry as to the "reasonableness" of plaintiff's conduct and the "prejudice" to defendant. Such a consequence does not serve the timely and orderly resolution of civil disputes.
For all the foregoing reasons, I would reverse the trial court's order denying defendant's motion to dismiss.
Clark, J., concurred.